Amy Joseph Pedersen, OSB No. 853958
amy.joseph.pedersen@stoel.com
Andrea H. Thompson, OSB No. 084923
andrea.thompson@stoel.com
Alisha L. Kormondy, OSB No. 173916
alisha.kormondy@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DR. RUPA BALA,<br><br>    Plaintiff,<br><br>v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon public corporation; DR. CHARLES HENRIKSON, an individual; DR. JOAQUIN CIGARROA, an individual,<br><br>    Defendants. | Case No.: 3:18-CV-00850-YY<br><br>**RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES** |

    Defendants Oregon Health and Science University ("OHSU"), Dr. Charles Henrikson and Dr. Joaquin Cigarroa ( collectively "Defendants") respond to Plaintiff's First Requests for Admission and Second Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

    1.    Defendants object to each request for admission and interrogatory to the extent that it purports to impose obligations exceeding the scope of the requirements of the Federal

Page 1  -  RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION AND
            SECOND SET OF INTERROGATORIES

Rules of Civil Procedure. Defendants will respond to discovery requests only as required by those rules.

2. Defendants object to Plaintiff's requests for admissions and interrogatories to the extent they are not limited to a specific time period. Defendants' responses will be limited to non-privileged, responsive information for the relevant time period at issue that can be identified after reasonable inquiry.

3. Defendants object to each request for admission and interrogatory to the extent it seeks information outside their possession, custody, or control. Defendants will respond on their behalves and their behalves only.

4. Discovery has just begun and is continuing. Defendants reserve the right to supplement or clarify their responses and proffer additional evidence, including but not limited to testimony, as additional information is discovered.

5. Except as expressly admitted, Defendants deny the requests for admissions and interrogatories.

6. All of the responses below are made subject to these General Objections.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that a judgment against Defendant OHSU in this matter would be satisfied out of the resources of Defendant OHSU.

**RESPONSE:**

Defendants object to this request because it is vague and ambiguous as to the meaning of "resources of Defendant OHSU." Without waiving that objection or their General Objections, Defendants admit that at least some part of a money judgment could be paid from OHSU's general fund, a portion of which is provided to OHSU by the State of Oregon. Except as expressly admitted, Defendants deny the remainder of the request.

Page 2  -  RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION AND
          SECOND SET OF INTERROGATORIES

**REQUEST FOR ADMISSION NO. 2:**

    Admit that the State of Oregon is not liable under the law for a judgment entered against Defendant OHSU in this case.

**RESPONSE:**

  Defendants object to this request because it is vague and ambiguous as to the meaning of the term "liable under the law." Without waiving that objection on their General Objections, Defendants deny this request for admission, as the State of Oregon is functionally liable for the debts of OHSU.

**REQUEST FOR ADMISSION NO. 3:**

    Admit that Defendant OHSU has the legal capacity to sue and be sued.

**RESPONSE:**

  Without waiving their General Objections, Defendants admit that Defendant OHSU is a public corporation created by the state to carry out public missions and services and that, pursuant to ORS 353.050(5) it may sue and be sued in its own name. Except as expressly admitted, Defendants deny the remainder of the request.

**REQUEST FOR ADMISSION NO. 4:**

    Admit that Defendant OHSU has the power to acquire, use and sell property in its own name.

**RESPONSE:**

  Defendants object to this request because it is vague and ambiguous as to the meaning of "power." Without waiving that objection or their General Objections, Defendants admit that Defendant OHSU is a public corporation created by the state to carry out public missions and services and that, pursuant to ORS 353.050(4) it may acquire, hold, control, and sell title to real property in its own name. Defendants further admit that the State of Oregon holds legal title to

Page 3 - RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES

102495516.2 0027345- 00065

some of OHSU's real property and facilities. Except as expressly admitted, Defendants deny the remainder of the request.

**REQUEST FOR ADMISSION NO. 5:**

      Admit that Defendant OHSU operates by and through a board of directions who have the power to operate independently from other State agencies.

**RESPONSE:**

Defendants objects to this request because it is vague and ambiguous as to the meaning of "board of directions" and "power." Without waiving those objections or their General Objections, Defendants admit that OHSU is a public corporation created by the state to carry out public missions and services and that the Oregon Health and Science University Board of Directors exercise the powers of OHSU, as specifically enumerated in ORS 353.050. OHSU admits that its board of directors is appointed by the Governor of the State of Oregon, confirmed by the Oregon Senate, and the Governor retains the power to remove any member of the board at any time. OHSU further admits that, in carrying out these powers, the university is a governmental entity performing governmental functions and exercising governmental powers. Except as expressly admitted, Defendants deny the remainder of the request.

## INTERROGATORIES

**INTERROGATORY NO. 11:**

      To the extent you Deny Request for Admission 1, identify the source from which a judgment against Defendant OHSU in this matter would be satisfied.

**ANSWER:** Defendants object to this request because it is vague and ambiguous as to the meaning of "resources of Defendant OHSU." Without waiving that objections or their General Objections, Defendants state that a judgment against OHSU in this matter could be satisfied by

Page 4  -  RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES

money from OHSU's general fund, some portion of which is funded by the State of Oregon as well as from insurance proceeds, coverage for which was also paid for from OHSU's general fund

**INTERROGATORY NO. 12:**

> To the extent you Deny Request for Admission 2, identify and describe the factual and legal bases for the State of Oregon's liability under the law for a judgment entered against Defendant OHSU in this ease.

**ANSWER:** Defendants object to this request because it is vague and ambiguous as to the meaning of the term "liable." Defendants further object to the extent this interrogatory to the extent it calls for a legal conclusion or information protected by the attorney work product doctrine. Without waiving those objections or their General Objections, Defendants state that the State of Oregon is functionally liable for OHSU's debts as stated in ORS Chapter 353.

**INTERROGATORY NO. 13:**

> To the extent that you Deny Request for Admission 5 because Defendant OHSU's board lacks the power to operate independently from any other state agency, identify each and every state agency that has power over Defendant OHSU's Board of Directors and describe the scope of that power.

**ANSWER:** Defendants objects to this request because it is vague and ambiguous as to the meaning of the terms "board of directions" and "power." Without waiving that objection or their General Objections, defendants admit that OHSU is a public corporation created by the state to carry out public missions and services and that the Oregon Health and Science University Board of Directors exercise the powers of OHSU, as specifically enumerated in ORS 353.050. OHSU states that its board of directors is appointed by the Governor of the State of Oregon, confirmed by the Oregon Senate, and the Governor retains the power to remove any member of the board at

any time. OHSU further states that, in carrying out these powers, the university is a governmental entity performing governmental functions and exercising governmental powers.

DATED: July 29, 2019.

STOEL RIVES LLP

*/s/ Alisha L. Kormondy*

AMY JOSEPH PEDERSEN, OSB No. 853958
amy.joseph.pedersen@stoel.com
ANDREA H. THOMPSON, OSB No. 084923
andrea.thompson@stoel.com
ALISHA L. KORMONDY, OSB No. 173916
alisha.kormondy@stoel.com
Telephone: 503.224.3380

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES** on the following named person(s) on the date indicated below by:

☒ mailing with postage prepaid

☒ Email (courtesy copy only)

☐ ECF

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

| | |
|---|---|
| Matthew C. Ellis<br>matthew@employmentlawpdx.com<br>Matthew C. Ellis, PC<br>621 SW Morrison St., Suite 1025<br>Portland, OR  97205<br><br>Of Attorneys for Plaintiff | Stephen L. Brischetto<br>slb@brischettolaw.com<br>Dezi Rae Robb<br>drobb@brischettolaw.com<br>Law Office of Stephen L. Brischetto<br>621 SW Morrison St., Suite 1025<br>Portland, OR  97205<br><br>Of Attorneys for Plaintiff |

DATED: July 29, 2019.

STOEL RIVES LLP

/s/ Alisha L. Kormondy
AMY JOSEPH PEDERSEN, OSB No. 853958
amy.joseph.pedersen@stoel.com
ANDREA H. THOMPSON, OSB No. 084923
andrea.thompson@stoel.com
ALISHA L. KORMONDY, OSB No. 173916
alisha.kormondy@stoel.com
Telephone:  503.224.3380

Attorneys for Defendants

Page 1  -  CERTIFICATE OF SERVICE