**MATTHEW C. ELLIS, OSB No. 075800**
matthew@employmentlawpdx.com
**Matthew C. Ellis, PC**
621 SW Morrison St Ste 1025
Portland OR  97205
Telephone: 503/345-5407

**STEPHEN L. BRISCHETTO, OSB No. 781564**
slb@brischettolaw.com
**Law Office of Stephen L. Brischetto**
621 SW Morrison St Ste 1025
Portland OR  97205
Telephone: 503 223-5814
Of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| DR. RUPA BALA,<br><br>               Plaintiff,<br><br>v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon public corporation; DR. CHARLES HENRIKSON, an individual; DR. JOAQUIN CIGARROA, an individual.<br><br>               Defendants. | **CASE NO. 3:18-CV-00850-YY**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY** |

### I. Argument

Plaintiff agrees that where new evidence is presented in a reply to a motion that is appropriate to give the non-movant an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir 1996). Here, Defendants do not seek to respond to any new evidence at all.

Page 1 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY

Instead, Defendants seek to get the last word in on three arguments of Plaintiff, all of which were made in direct response to the arguments raised by Defendants in their opposition brief. The purpose of a reply brief is to respond to the issues raised in the opposition brief. See *Marathon Petroleum Co., LLC v. Cohen*, No. 6:08-cv-432-Orl-28DAB, 2008 US Dist LEXIS 131714, at *2 (MD Fla Sep. 25, 2008) (The central purpose of reply briefs is countering new circumstances and arguments introduced by an opposing party since the time of an initial brief). Because these three arguments directly respond to Defendants' own counterarguments, Defendants' Motion for a sur-reply should denied.

**First**, Defendant objects to Plaintiff raising, in her Reply, that the Report is admissible under FRE 404(b) as evidence of failure to follow its Affirmative Action Plan. Dkt. No. 146, p 3-4. Yet, this argument was presented in direct reply to Defendants' position in its Opposition brief that the Report is inadmissible as an improper use of character evidence under FRE 404(b)(1). Dkt No 143, p 13-14. By Plaintiff pointing out that the Report is admissible to show motive, plan and absence of mistake—all of which are expressly referenced under FRE 404(b)(2)—Plaintiff responded to Defendants' position on its inadmissibility under FRE 404 and its relevance. This does not warrant a sur-reply since it is consistent with the very purpose of a reply; to respond to arguments first introduced by the opposing party. *Id*.

**Second**, Defendants object to Plaintiff arguing that the Report is relevant to Defendants own position that it "exercised reasonable care to prevent discrimination or retaliation." Dkt. No. 146, p. 3-4. This was part of Plaintiff's motion to supplement since she stated that she was offering the document "for the reasons already identified in Plaintiff's Opposition Motion (Dkt No. 130) on page 29 through 31." Dkt No 139, p.2. This briefing contained arguments about

Page 2 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE
TO FILE SUR-REPLY

MATTHEW C. ELLIS, PC
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone: (503) 345-5497

whether Defendants' conduct was reasonable or evidence of discriminatory intent. Specifically, it included arguments about whether Defendants unreasonably treated men better than women, even when men used much more direct communication styles, and were not subject to complaints or discipline. Dkt. No 130, p. 29. The briefing included arguments about how Dr. Kaul made discriminatory statements with impunity, and how women were forced out of OHSU cardiology based on a double standard that applied to women, but not men. Dkt. No 130, p. 29-31.

Defendant, in its Opposition to the Motion to Supplement, argued the document was not relevant to "any of the issues in this case" or to "Plaintiffs Claims or to the facts of this case." Plaintiff, in her reply pointed out that Defendants' own affirmative defenses concedes the opposite; and that the reasonableness of Defendants' conduct is part of the case, as it always is in an employment discrimination case. This was an appropriate response to the issues raised in Defendants opposition brief about the disputed relevance of the document. Because Plaintiff's argument in reply was raised in direct response to the issues raised by Defendants Opposition brief, no sur-reply is appropriate.

**Third**, Defendants objects to Plaintiff's "new and incorrect characterizations of the report including . . . that OHSU failed to follow its own internal investigation policies." Dkt. No. 146, p. 4. P 4. To the extent that Defendants' disputes Plaintiff's characterizations of the report and whether the report is consistent with a discriminatory motive, these objections go to the weight of the evidence, not its admissibility. See e.g. *Millemann v. Multnomah Educ. Serv. Dist.*, No. 97-35368, No. 97-35435, 1999 U.S. App. LEXIS 1598, at *11 (9th Cir Feb. 3, 1999) (noting that objections to discriminatory comments and conduct as being misconstrued, ambiguous and

temporally remote—many of the same arguments made by Defendant—goes to the weight of the evidence not its admissibility.) *See also E.E.O.C. v. Manville Sales Corp.,* 27 F.3d 1089, 1093 n.2 (5th Cir. 1994) (same). Plaintiff merely wants the Court to read the report and make its own judgment as to its relevance. Furthermore, Plaintiff did not mischaracterize anything. Plaintiff, in her Motion to Supplement, squarely argued that that the report should be in the record because the Report's findings state, *verbatim*, that OHSU "provides inconsistent guidance about how to report and investigation misconduct," that its "complaint investigation procedure lacks sufficient data and are applied inconsistently," and more. Dkt. No 139, p 4, ¶ 3 (including screenshots from the actual report). Defendant may disagree with what the Report means, but not with what the Report says. Plaintiff's reply in this regard was consistent with her original motion and responded to arguments made in Defendants' Opposition brief and their own characterizations of the Report. Defendants' position that Plaintiff's briefing on this issue was was outside the scope of the original motion, or Defendants' Opposition brief, should be rejected.

## II. Conclusion

The sole issue in the underlying motions is whether the Court should consider, as part of the record on Summary Judgment, the Covington Report; a document that, had it existed at the time of the Summary Judgment briefing, undisputedly would have been in the record. Dkt No. 140 at ¶ 3. Setting aside Defendants' motion for a sur-reply, and Plaintiff's instant response, the parties have dedicated 36 pages of briefing on the discrete issue of whether one document should be part of the record on summary judgment.

**MATTHEW C. ELLIS, PC**
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone: (503) 345-5497

Because Plaintiffs Reply fairly responded to Defendants' opposition brief, which was comprehensive, and because no additional briefing is likely helpful to the Court, Defendants' request for additional briefing should be denied.

DATED this 4th day of March, 2022.

    /s/ Matthew C. Ellis

Matthew Ellis, OSB #075800
621 SW Morrison, Suite 1025
Portland, Oregon 97205
Attorney for Plaintiffs
Ph: 503-345-5497
matthew@employmentlawpdx.com

Stephen L. Brischetto, OSB No. 781564
Attorneys for Plaintiffs
621 SW Morrison St., Suite 1025
Portland, Oregon 97205
Attorneys for Plaintiffs
Ph:503-223-5814
slb@brischettolaw.com

Page 5 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY