IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DR. RUPA BALA,<br>an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>OREGON HEALTH AND SCIENCE<br>UNIVERSITY, an Oregon public corporation;<br>DR. CHARLES HENRIKSON, an individual;<br>DR. JOAQUIN CIGARROA, an individual,<br><br>    Defendants. | No. 3:18-CV-00850-YY<br><br>ORDER |

HERNÁNDEZ, District Judge:

Magistrate Judge You issued a Findings and Recommendation on August 10, 2022, in which she recommends granting in part and denying in part Defendants' Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment, granting Plaintiff's Motion to Supplement Record on Summary Judgment, and denying Defendants' Motion for Leave to File

1 - ORDER

Sur-Reply. F&R, ECF 149. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff and Defendants both filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl. Obj., ECF 151; Def. Obj., ECF 153. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objects to Judge You's recommendation that the Court grant Defendants summary judgment with respect to Plaintiff's retaliation claims and her discrimination claims based on a combination of race and sex. As explained below, the Court declines to adopt Judge You's recommendation to grant Defendants summary judgment on Plaintiff's discrimination claims and adopts in part Judge You's recommendation to grant Defendants summary judgment on Plaintiff's retaliation claims.

Turning first to Plaintiff's discrimination claims, the Court finds that Plaintiff provided enough evidence to create a question of fact as to pretext. A pattern of differential treatment based on race can serve as "circumstantial evidence of discrimination demonstrating pretext." *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 663 (9th Cir. 2002), *as amended* (July 18, 2002) (emphasis omitted). In *Aragon*, the Ninth Circuit concluded that "the fact that three of the four casuals singled out for lay off that night were white" did not weigh heavily given the small sample size and lack of a "stark pattern." *Id.*

Plaintiff provides a list of eleven male physicians at Oregon Health & Science University ("OHSU") whom she personally observed engaging in communication similar to the

2 - ORDER

communication for which she was disciplined. Bala Decl. ¶ 13, ECF 121. She states that none of those male physicians are Asian or men of color. *Id.* She further states that she reported the similarity of communication style to human resources ("HR") and that no one from HR ever contacted her to follow up regarding these physicians' communication. *Id.* at ¶ 14. This type of "stark pattern" of differential treatment based on race is sufficient to survive summary judgment. *Aragon*, 292 F.3d at 663.[1]

Turning to Plaintiff's retaliation claims, the Court adopts in part Judge You's recommendation to grant summary judgment to Defendants. The Court agrees with Judge You that Plaintiff did not provide sufficient evidence of pretext with respect to her retaliation claims based on complaints about gender discrimination. F&R 33-34. However, the Court finds that Plaintiff provided enough evidence under the three-step burden-shifting framework to preclude summary judgment on her retaliation claims under O.R.S. 659A.199 and O.R.S. 441.044(2) for reporting substandard patient care.

Judge You concluded that Defendants were entitled to summary judgment on the patient care claims because Plaintiff was not deterred from making complaints about patient care and because there was insufficient evidence to create a question of fact as to pretext. F&R 38, 40.

First, in establishing the prima facie case, an adverse employment action for a retaliation claim is one that is "materially adverse to a reasonable employee[.]" *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006); *Meyer v. State by & through Oregon Lottery*, 292 Or. App. 647, 679, 426 P.3d 89 (2018) (following the *Burlington* standard for retaliation claims based on

---

[1] The above analysis applies only to the extent that Plaintiff's discrimination claims allege disparate treatment. To the extent that Plaintiff's discrimination claims allege a hostile work environment based on sex or a combination of race and sex, the Court adopts Judge You's recommendation to grant Defendants' motion for summary judgment.

3 - ORDER

Oregon law). The standard is objective: the plaintiff must show that the employer's action "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68 (internal quotations omitted). Thus, the fact that a plaintiff is not dissuaded from engaging in the protected activity is not dispositive; the objective circumstances are. *See Steele v. Mayoral*, 231 Or. App. 603, 617-18, 220 P.3d 761 (2009) (holding that the plaintiff was not deterred from reporting her supervisor's conduct where the supervisor was placed on administrative leave and told not to contact her).

Plaintiff suffered four types of adverse actions with respect to her retaliation claims. Two—the suspension of her clinical privileges and the non-renewal of her contract—are adverse actions as found by Judge You. F&R 19-20, 33. In addition, the two formal investigations into complaints about Plaintiff's behavior are adverse actions. The Ninth Circuit recently reaffirmed "that merely investigating an employee—regardless of the outcome of that investigation—likely can support a claim for Title VII retaliation." *Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1022 (9th Cir. 2018) (citing *Lakeside-Scott v. Multnomah Cty.*, 556 F.3d 797, 803 n.7 (9th Cir. 2009); *Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007)). Plaintiff was investigated after an incident in November 2015 in which she requested cardiac anesthesiology during a procedure, it was not provided, and she expressed displeasure at the fact. Strahm Dep. 91-104, ECF 129-54. Defendant Dr. Henrikson investigated Plaintiff in August 2016 for asking for silence during a medical procedure she was performing. Bala Dep. 93:21-94:25, 119:19-121:2, ECF 129-46. Finally, Plaintiff alleges that Defendant Dr. Cigarroa gave her a negative post-termination reference. *Id.* at 277:8-281:25. *See also* Second Am. Compl. ¶ 40, ECF 11. A negative reference can qualify as an adverse action if it is motivated by discriminatory intent. *Hashimoto v. Dalton*, 118 F.3d 671, 674 (9th Cir. 1997). A reasonable person would be dissuaded from making reports

about substandard patient care when faced with these four types of actions. The fact that Plaintiff was not dissuaded is not dispositive. She was not "shielded" from the source of the retaliation. *See Steele*, 231 Or. App. at 617-18.

The timing of the events is sufficient to support an inference of causation. *See* F&R 33. In total, Plaintiff made over 30 complaints about patient care between March 2015 and February 2017. Brischetto Decl. Ex. E at 5-8, ECF 128-51. This includes six complaints between mid-August 2015 and early November 2015. *Id.* at 6. Her clinical privileges were suspended in November 2015. Brischetto Decl. Ex. 93 at 1, ECF 128-23. She was also investigated in November 2015. Strahm Dep. 91-104. Plaintiff made a complaint in late January 2016. Brischetto Decl. Ex. E at 6. Dr. Henrikson told human resources in April 2016 that he wanted to offer Plaintiff a terminal contract. Strahm Dep. 195:13-22. *See also* Cigarroa Dep. 204:8-17, ECF 129-50. Plaintiff made patient care complaints in July 2016 and on August 8 and 12, 2016, and was investigated later in August 2016. Brischetto Decl. Ex. E at 6-7; Bala Dep. 93:21-94:25, 119:19-121:2. Plaintiff made complaints about patient care up through February 2017, and the negative reference was provided in fall 2017. Bala Dep. 280:1-10. Plaintiff made a prima facie case of retaliation.

Second, Defendants offered a legitimate, non-discriminatory reason for their actions: complaints from staff that Plaintiff's communication style was bullying. F&R 33.

Third, Plaintiff provided evidence that, viewed in the light most favorable to her, could establish that Defendants' nondiscriminatory reasons for their adverse actions were pretextual. In his deposition, Defendant Dr. Henrikson stated that he was concerned about Plaintiff's complaints about the quality of patient care, that as a result of them he thought he "was not getting the partner I had hoped for," and that he spoke to others who shared his concerns.

5 - ORDER

Henrikson Dep. 54:7-18, 55:12-19, 56:10-17, ECF 129-49. A jury could reasonably conclude that Plaintiff's complaints about patient care were the motivation behind the adverse actions. Plaintiff's retaliation claims under O.R.S. 659A.199 and O.R.S. 441.044(2) for reporting substandard patient care survive summary judgment.

Finally, Plaintiff moves to supplement the record on summary judgment with a recently-released report about discrimination at OHSU. Pl. Mot. Supp. 2, ECF 139. Defendants move for leave to file a sur-reply to this motion. Def. Mot., ECF 146. The Court agrees with Judge You that the report does not materially change the analysis on summary judgment, F&R 4, and declines to grant Plaintiff's motion. Defendants' motion is accordingly denied as moot.

The Court has carefully considered the remainder of Plaintiff's and Defendants' objections, has reviewed the pertinent portions of the record *de novo*, and finds no other error in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS in part and DECLINES to adopt in part Magistrate Judge You's Findings and Recommendation [149]. Defendants' Motion for Summary Judgment [118] is GRANTED in part and DENIED in part. Plaintiff's Motion for Summary Judgment [130] is DENIED. Plaintiff's Motion to Supplement Record on Summary Judgment [139] is DENIED. Defendants' Motion for Leave to File Sur-Reply [146] is DENIED as moot.

IT IS SO ORDERED.

DATED: December 13, 2022.

_____
MARCO A. HERNÁNDEZ
United States District Judge

6 - ORDER