Amy Joseph Pedersen, OSB No. 853958
amy.joseph.pedersen@stoel.com
Andrea H. Thompson, OSB No. 084923
andrea.thompson@stoel.com
Sophie Shaddy-Farnsworth, OSB No. 205180
sophie.shaddy-farnsworth@stoel.com
STOEL RIVES
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

> Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DR. RUPA BALA,<br><br>                    Plaintiff,<br><br>      v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon public corporation; DR. CHARLES HENRIKSON, an individual; DR. JOAQUIN CIGARROA, an individual,<br><br>                    Defendants. | Case No.: 3:18-CV-00850-HZ<br><br>DEFENDANTS' MOTION TO REOPEN DISCOVERY |

## L.R. 7.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(a), counsel for Defendants have conferred in good faith with Plaintiff's counsel regarding this motion and the parties could not reach agreement.

Page 1 -    DEFENDANTS' MOTION TO REOPEN DISCOVERY

## MOTION

Pursuant to Federal Rules of Civil Procedure 16 and 26, Defendants Oregon Health and Science University ("OHSU"), Dr. Charles Henrikson, and Dr. Joaquin Cigarroa ("Defendants") respectfully move this Court for an order reopening discovery for the limited purpose of subpoenaing documents related to Plaintiff's subsequent employment following termination of her employment with OHSU, including records from Plaintiff's previous employer, United Health Services, Inc. Medical Group ("UHS") in Vestal, New York.[1]  This motion is supported by the Declaration of Sophie Shaddy-Farnsworth, filed herewith.

## MEMORANDUM OF LAW

Defendants offer the following memorandum of law in support of their motion.

## I.    INTRODUCTION

The Court should grant Defendants' motion to reopen discovery for the narrow purpose of subpoenaing records related to Plaintiff's subsequent employment following her departure from OHSU, including records from UHS.  Defendants were unable to obtain this discovery within the Court's schedule as Plaintiff did not begin working at UHS until after the discovery cutoff.  Upon learning of Plaintiff's employment at UHS, counsel for Defendants conferred with Plaintiff's counsel regarding their intent to subpoena Plaintiff's employment records, and Plaintiff agreed to obtain and produce the requested documentation directly from UHS. However, Plaintiff's counsel informed Defendants that UHS refused to provide Plaintiff with any of the requested documents without a New York subpoena.  Trial in this case has been set for April 2024, which is over a year from now, and the allowance of additional discovery will in no

---

[1]Defendants are not requesting in the present motion that the Court reopen Plaintiff's deposition. However, Defendants reserve the right to seek leave to resume Plaintiff's deposition at a later date to address any newly produced or subpoenaed documents.

way prejudice Plaintiff.  For these reasons, Defendants respectfully request that the Court

exercise its discretion, grant Defendants' motion, and permit Defendants to obtain additional

discovery related to Plaintiff's subsequent employment following her departure from OHSU.

## II.    BACKGROUND

Plaintiff filed this lawsuit in May 2018.  (Dkt. 1.)  On October 30, 2018, the Court stayed

the case so that the parties could attend mediation, which occurred in January 2019.  (Dkt. 8, 10.)

In preparation for mediation, the parties engaged in limited discovery.  On October 3, 2018,

Plaintiff produced documents to Defendants, including an Employment Agreement between

Plaintiff and her previous employer, Banner University Medical Center ("Banner").[2]  (Shaddy-

Farnsworth Decl. ¶ 3.)  The parties did not reach resolution at mediation, and Defendants filed an

Answer to Plaintiff's Second Amended Complaint on April 15, 2019.  (Dkt. 18.)

On May 9, 2019, Defendants served Plaintiff with a request for production of documents

seeking, in part:

> **REQUEST NO. 25:**
>
> All documents that concern, refer to, or relate to any efforts by you to seek
> or inquire about employment opportunities since May 1, 2016, including, without
> limitation, all resumes, cover letters, emails, applications, and other documents
> related to employment opportunities that you reviewed or to which you have
> responded or applied, and all responses received.
>
> **REQUEST NO. 26:**
>
> Any personnel, human resources, or faculty files related to any
> employment you have held, except for your employment with OHSU, from
> January 1, 2012, to the present.  To the extent these documents are not in your
> immediate possession, defendants request that you obtain those records from your
> employers to produce them.  This request includes but is not limited to your
> employment with the University of Pennsylvania and your current employment
> with the University of Arizona.

---

[2] Banner is the teaching hospital located on the University of Arizona's campus where Plaintiff
worked as a physician from July 1, 2018 until she was terminated on April 19, 2020.

Page 3 -    DEFENDANTS' MOTION TO REOPEN DISCOVERY

**REQUEST NO. 27:**

Any documents related to any employment you have held, except for your employment with OHSU, from January 1, 2012, to the present, including but not limited to any documents related to your job performance, counseling, coaching or discipline you received or any complaints made about you or complaints you made during your employment at the University of Pennsylvania and your current employment with the University of Arizona.

(Shaddy-Farnsworth Decl. ¶ 4, Ex. A at 8-9.)

In response, Plaintiff produced additional documents related to her employment with Banner, including email communication and documentation regarding concerns about her performance and coaching opportunities, Plaintiff's detailed written response to the concerns, and a notice of termination. (*Id.* ¶ 5.) She also produced her text messages, emails and instant messages with colleagues at Banner, as well as evaluations she had received from fellows. (*Id.*) Plaintiff did not produce any employment records related to her employment at University of Pennsylvania ("UPenn"), where she worked as a physician for approximately 12 years from 2002-2014, or any other previous employer. (*Id.*)

On December 20, 2019, and again on February 7, 2020, counsel for Defendants served Subpoenas Duces Tecum on Banner and UPenn, seeking records related to Plaintiff's employment. (*Id.* ¶ 6.) Defendants received no objections to the subpoenas, and both Banner and UPenn produced responsive documents. (*Id.*)

Pursuant to the Court's scheduling order, discovery in this case was set to expire on August 27, 2020. (Dkt. 101.) On August 26, 2020, a day before the discovery cutoff, Plaintiff filed a motion to extend discovery for at least 60 days to complete depositions, file objections to the Court's discovery order issued on August 17, 2020 (Dkt. 38), and resolve several other pending discovery disputes between the parties. (Dkt. 39.) Defendants objected to Plaintiff's motion in part, and on September 15, 2020, following a discovery hearing on Plaintiff's motion,

Page 4 -    DEFENDANTS' MOTION TO REOPEN DISCOVERY

the Court deferred its ruling pending submission of additional documentation from the parties. (Dkt. 48.)   On March 31, 2021, the Court granted Plaintiff's motion in part and ordered that "discovery is complete, except for Dr. Kirsch's two-hour reopened deposition."  (Dkt. 101.)

Between August and November 2021, the parties briefed cross-motions for summary judgment.  Two months later, on January 4, 2022, Plaintiff supplemented her production and produced an Employment Agreement between Plaintiff and UHS dated August 6, 2021. (Shaddy-Farnsworth Decl. ¶ 7, Ex. B.)  Defendants waited until the Court issued its Findings and Recommendation ("F&R") before seeking additional discovery related to Plaintiff's employment at UHS, as such discovery could have proved unnecessary depending upon the Court's decision with respect to the pending motions.

On August 30, 2022, just weeks after the Court issued its F&R, counsel for Defendants notified Plaintiff's counsel that they planned to serve a subpoena on UHS requesting documents related to Plaintiff's employment and sent counsel a copy of the subpoena.  (*Id.* ¶ 8.)  The next day, counsel for Plaintiff notified Defendants that he intended to move to quash the subpoena and requested that the parties confer before Defendants served the subpoena.  (*Id.* ¶ 9.)  The parties conferred on September 7, 2022, at which time Plaintiff's counsel agreed to obtain and produce all of the records requested in the subpoena, with one small exception, within 30 days. (*Id.* ¶ 10.)  On October 14, 2022, counsel for Defendants followed up with Plaintiff's counsel regarding the status of the documents, and Plaintiff's counsel stated that he would follow up with UHS.  (*Id.* ¶ 11.)  On October 28, 2022, Plaintiff's counsel informed counsel for Defendants that UHS will not provide Plaintiff with any of the requested documents without a New York subpoena.  (*Id.*)

Page 5 -    DEFENDANTS' MOTION TO REOPEN DISCOVERY

On January 18, 2023, Plaintiff produced additional documents related to her employment at UHS, including text messages regarding her resignation from UHS, as well as W-2 Forms for 2019, 2020, and 2021.  (*Id.* ¶ 12.)  On February 9, 2023, Plaintiff produced additional employment-related documents, including an offer letter and an Employment Agreement signed by Plaintiff on October 26, 2022, between Plaintiff and Citrus Cardiology Consultants, P.A. ("Citrus Cardiology") in Florida.  (*Id.* ¶ 13.)

Now, Defendants request that this Court reopen discovery for the limited purpose of subpoenaing records pertaining to Plaintiff's subsequent employment following her departure from OHSU.  For the reasons set forth below, reopening discovery for a reasonable period and for this narrow purpose is appropriate.  Defendants readily meet the standard under Rules 16 and 26 for this Court to do so.

## III.    ARGUMENT

### A.  Legal Standard

This Court retains broad authority to manage and control its own docket.  *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." (internal quotation marks and citation omitted)).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Rule 16's good cause standard focuses on the "reasonable diligence of the moving party."  *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  That inquiry, in turn, focuses on the reason for seeking the amendment.  *See Johnson*, 975 F.2d at 609.  If the Court finds that the party seeking the amendment was not diligent, the inquiry ends there and the motion for leave to amend the

scheduling order should be denied.  *Id.*; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

The Ninth Circuit has further instructed district courts to consider the following factors in deciding whether to amend a scheduling order to reopen discovery: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines set by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence.  *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017); *see also Estep v. Forever 21 Retail, Inc.*, No. 3:16-cv-02214-SB, 2019 WL 430884, at *1 (D. Or. Feb. 4, 2019) (same).  Whether to reopen discovery rests in the district court's sound discretion.  *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997).

### B.  Good Cause Warrants Reopening Discovery to Allow Defendants to Subpoena Plaintiff's Employment Records.

Defendants meet the good cause standard set forth under Rule 16, and the factors the Ninth Circuit has instructed district courts consider in determining whether good cause weighs in favor of Defendants' request.  *See Johnson*, 975 F.2d at 609; *City of Pomona*, 866 F.3d at 1066.  As such, the Court should reopen discovery for the limited purpose to allow Defendants to conduct discovery to subpoena Plaintiff's employment records.

#### 1.  Trial is not imminent.

Trial is currently scheduled for April 2024, over a year from now, and therefore, trial is not imminent.  There is ample time to conduct the limited discovery that Defendants seek, and

Page 7 -    DEFENDANTS' MOTION TO REOPEN DISCOVERY

this factor therefore weighs in favor of reopening discovery.  *See Soto v. County of Sacramento*, No. 2:19-cv-00910-TLN-DB, 2021 WL 2402524, at *3 (E.D. Cal. June 11, 2021).

2.  The request is opposed.

Plaintiff opposes Defendants' motion.  However, this factor, standing alone, cannot serve as the basis to deny the motion.  *See Johnson*, 975 F.2d at 609 (Rule 16 good cause inquiry focuses on the reason for seeking the amendment to the scheduling order).

3.  Plaintiff would not suffer prejudice.

Plaintiff will not be prejudiced by an order reopening discovery for a reasonable period and for a limited purpose.  Again, trial in this case is not imminent; thus, an order reopening discovery for a limited period and for a limited purpose would not result in delay.  Further, as noted above, Plaintiff previously agreed to obtain her employment records from UHS directly and to produce it to Defendants, and therefore Plaintiff cannot credibly claim that reopening discovery for this narrow purpose would cause her to suffer prejudice.  Accordingly, this factor weighs in favor of reopening discovery.

4.  Defendants were diligent in obtaining discovery.

As noted, Defendants did not learn of Plaintiff's employment with UHS until a year after the discovery deadline had passed and nearly five months after the Court ruled on Plaintiff's request for an extension of the discovery deadline, and therefore Defendants were unable to conduct this discovery prior to the discovery cutoff.  Since then, Defendants have remained diligent in obtaining the discovery they seek and conferred with Plaintiff's counsel regarding subpoenaing Plaintiff's employment records directly from her employer.  (Shaddy-Farnsworth Decl. ¶¶ 8-11.)  As discussed above, Plaintiff's counsel agreed to obtain and produce the records requested in the UHS subpoena, but UHS refused to provide either party with any of the

requested documents absent a subpoena. (*Id.* ¶ 11.) With respect to Plaintiff's most recent employment with Citrus Cardiology, Defendants learned of Plaintiff's new job less than two months ago after Plaintiff produced to Defendants an offer letter and signed Employment Agreement on February 9, 2023.[3] Defendants have diligently sought discovery and therefore this factor weighs in favor of Defendants.

> 5. <u>It was not foreseeable that additional time for discovery would have been necessary under the Court's scheduling order.</u>

This factor also weighs in favor of reopening discovery for the limited purpose that Defendants request. It was not foreseeable that additional time for discovery would have been needed under the Court's most recent schedule, as Plaintiff was not employed at UHS or Citrus Cardiology until after the discovery cutoff.

> 6. <u>The discovery is likely to lead to relevant evidence.</u>

Finally, the discovery Defendants seek will lead to relevant evidence. Rule 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As this District has recognized, "[t]hat sweeping mandate is meant to be broadly construed," *Pitkin v. Corizon Health, Inc.*, No. 3:16–cv–02235–AA, 2017 WL 6496565, at *2 (D. Or. Dec. 18, 2017) (citation omitted), and "court[s] should and ordinarily do[] interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation," *Oppenheimer Fund, Inc. v. Saunders*, 437 U.S. 340, 351 (1978).[4]

---

[3] Defendants do not intend to subpoena records from Citrus Cardiology at this time, but request that the Court permit Defendants to seek discovery from Citrus Cardiology (or another subsequent employer) at a later date in the future.

[4] As relevant here, the scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules. *Or. Int'l Air Freight Co. v. Bassano*, No. 3:21-cv-01480-SB, 2022 WL 3357699, at *1 (D. Or. July 5, 2022).

Page 9 -    DEFENDANTS' MOTION TO REOPEN DISCOVERY

As an initial matter, Plaintiff does not appear to dispute the relevance of the discovery Defendants currently seek, as she herself previously agreed to obtain and produce employment records from UHS.  Indeed, Defendants already subpoenaed Plaintiff's employment records from two of her previous employers with no objection raised or motion to quash filed by Plaintiff.

Further, employment records indicating whether Plaintiff suffered from similar deficiencies at her other workplaces are undoubtedly relevant to whether Defendants had legitimate, non-discriminatory reasons for the actions taken with respect to Plaintiff's employment.  Plaintiff alleges in this lawsuit that Defendants' response to the complaints that OHSU and Plaintiff's supervisors received about her was discriminatory and retaliatory.  (*See* Dkt. 11.)  Evidence is relevant if it has a tendency to make a fact—in this instance, whether Defendants had legitimate, non-retaliatory reasons for taking the action that they did with respect to Plaintiff's employment—more or less probable than it would be without the evidence.  Fed. R. Evid. 401.

Further still, documents related to Plaintiff's employment after the non-renewal of her contract at OHSU are also directly relevant to the issue of damages in this case.  Because reopening discovery is highly likely to lead to the discovery of relevant evidence, this factor weighs heavily in favor of allowing Defendants' request.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to reopen discovery for the narrow purpose of subpoenaing Plaintiff's employment records from subsequent employers.

/ / /

/ / /

Page 10 -  DEFENDANTS' MOTION TO REOPEN DISCOVERY

117558482.6 0027345-00065

DATED:  April 6, 2023           STOEL RIVES LLP


_s/ Sophie Shaddy-Farnsworth_
AMY JOSEPH PEDERSEN, OSB No. 853958
amy.joseph.pedersen@stoel.com
ANDREA H. THOMPSON, OSB No. 084923
andrea.thompson@stoel.com
SOPHIE SHADDY-FARNSWORTH, OSB No. 205180
sophie.shaddy-farnsworth@stoel.com
Telephone:  503.224.3380

Attorneys for Defendants

117558482.6 0027345-00065