AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

UNITED STATES DISTRICT COURT
For the District of Oregon
Portland Division

DR. RUPA BALA,

    Plaintiff,

v.

OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon public corporation; DR. CHARLES HENRIKSON, an individual; DR. JOAQUIN CIGARROA, an individual,

    Defendants.

Civil Action No. 3:18-CV-00850-YY

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:    UHS Medical Group, Attn: Alan Miller MD, President, 4401 Vestal Parkway East, Vestal, NY 13850

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth in the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material as set forth in *ATTACHMENT A*:

| Place: | Attn: Andrea H. Thompson<br>Stoel Rives LLP<br>760 SW Ninth Avenue, Suite 3000<br>Portland, OR 97205 | **Elite Process Serving, Inc.<br>151 Oak Street, Suite #8<br>Binghamton, NY 13905** | Date and Time:<br>September 26, 2022, 9 a.m. |
|---|---|---|---|

☐ Inspection of Premises: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 12, 2022

    *CLERK OF COURT*

                      OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* OREGON HEALTH AND SCIENCE UNIVERSITY, who issues or requests this subpoena, is: Andrea H. Thompson, Stoel Rives LLP, 760 SW 9th Ave., Suite 3000, Portland, OR 97205; (503) 224-3380; andrea.thompson@stoel.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action  (Page 2)

Civil Action No. 3:18-CV-00850-YY

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                             _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action  (Page 3)

Civil Action No. 3:18-CV-00850-YY

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(I)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INSTRUCTIONS

For purposes of these requests, the terms "records" and "documents" shall have the broadest meaning possible, including without limitation, any written, recorded, transcribed, taped, filmed or graphic matter, however produced or reproduced, of every type and description that is in your possession, control or custody, or of which you have knowledge. This includes, but is not limited to, e-mail, correspondence, memoranda, transcriptions of any conversation or testimony, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures (including, but not limited to drawings and photographs), films, voice recordings, reports, recommendations, appraisals, minutes, statistical computations, listings of telephone calls, books of account, ledgers, expense records, accounts payable, accounts receivable, analyses, and computer records (translated into a reasonably usable form, if necessary, by any person or entity that has control of such records); every draft of each such document; every copy of each such document where the original is not in your possession, custody or control; and every copy of each such document where the copy is not an identical copy of an original, or other copy, or where such copy contains any commentary or notation whatsoever that does not appear on the original or other copy.

## SPECIFIC DOCUMENT REQUESTS

Any and all records and documents that concern, refer or relate to Dr. Rupa Bala, (DOB: 02/27/1973, SSN: xxx-xx-9069), from 2012 to the present, including, but not limited to:

- Any personnel file, wherever maintained; any departmental file, wherever maintained; any formal or informal file kept by any supervisor or manager,

wherever maintained; any file maintained by any loss prevention or security department, wherever maintained.

- Any and all documents pertaining to Dr. Bala, wherever maintained, in your possession, custody or control, including, but not limited to, documents concerning or pertaining to offers of employment; terms, benefits, and conditions of employment; employment contracts, if any, and/or amendments thereto; evaluations of job performance; job assignments; job requirements; benefits statements; insurance-related documents; rates of pay; job title or job status; resumes; employment applications; payroll records; complaints about job or work performance; formal or informal complaints concerning Dr. Bala, and any documents pertaining to any investigation concerning or relating to Dr. Bala.

- Any employment inquiries or employment applications made by or submitted on behalf of Dr. Bala.

- Any employment referrals for potential employment of Dr. Bala by UHS Medical Group.

- Any Human Resources or Recruiting or Talent Acquisition records related to Dr. Bala.

- All hard copy or electronic notes related to any potential employment of Dr. Bala, such as recruiting notes, interview notes, notes of telephone calls, reference checks and/or background checks.

- All communication with Dr. Bala or anyone acting on her behalf related to her potential employment with UHS Medical Group from January 2020 through the present.

- All communication or documents memorializing communication with anyone from Oregon Health and Science University related to Dr. Bala, including but not limited to emails, texts, phone calls or in person meetings with Dr. Joaquin Cigarroa or Dr. Charles Henrikson.

116601390.1 0027345-00065

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DR. RUPA BALA,<br><br>        Plaintiff,<br><br>    v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon public corporation; DR. CHARLES HENRIKSON, an individual; DR. JOAQUIN CIGARROA, an individual,<br><br>        Defendants. | Case No.: 3:18-CV-00850-YY<br><br>**DECLARATION OF RECORDS CUSTODIAN** |

      I, [print name] _____, am a duly authorized custodian of the records or other qualified witness of United Medical Associates PC, dba UHS Medical Group. I have authority to certify records for United Medical Associates PC, dba UHS Medical Group and I do declare as follows:

      1.    ☐    That as of the date of this declaration, the attached documents are a true and complete copy of all records requested in the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* which were kept and maintained in the usual course of business.

116601390.1 0027345-00065

☐ That as of the date of this declaration, I have not supplied a complete copy of all records requested in the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action*, and the following records have been omitted for the following reasons:

_____

_____

_____

☐ That as of the date of this declaration, no records of the above-mentioned *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* are in my possession or control.

2. The attached records were made at or near the time of the events described, were made by or from information transmitted by a person with knowledge and duty to report or record such information transmitted by a person with knowledge and duty to report or record such information, reflect the regular practice of making such business records, and were kept in the ordinary course of regularly conducted business activity.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____, 2022

_____
Declarant Signature

_____
Print Name

_____
Print Title

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has caused a copy of the foregoing **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** was served via electronic mail as follows:

| | |
|---|---|
| Matthew C. Ellis<br>matthew@employmentlawpdx.com<br>Matthew C. Ellis, PC<br>621 SW Morrison St., Suite 1025<br>Portland, OR 97205<br><br>Of Attorneys for Plaintiff | Stephen L. Brischetto<br>slb@brischettolaw.com<br>Dezi Rae Robb<br>drobb@brischettolaw.com<br>Law Office of Stephen L. Brischetto<br>621 SW Morrison St., Suite 1025<br>Portland, OR 97205<br><br>Of Attorneys for Plaintiff |

DATED:  August 30, 2022.

STOEL RIVES LLP


_____
AMY JOSEPH PEDERSEN, OSB No. 853958
amy.joseph.pedersen@stoel.com
ANDREA H. THOMPSON, OSB No. 084923
john.dudrey@stoel.com
Phone: (503) 294-3380

Attorneys for Defendants