**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUPA BALA, Dr., | No. 23-35034 |
| Plaintiff-Appellee, | D.C. No. 3:18-cv-00850-HZ |
| v. | |
| CHARLES HENRIKSON, Dr., an individual; JOAQUIN CIGARROA, Dr., an individual, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| OREGON HEALTH & SCIENCE UNIVERSITY, an Oregon public corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted February 5, 2024
Portland, Oregon

Before: GOULD, BRESS, and KOH, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Dr. Charles Henrikson and Dr. Joaquin Cigarroa (collectively, "Defendants"), public employees at Oregon Health & Science University, appeal the district court's denial of their summary judgment motion asserting a qualified immunity defense to Dr. Rupa Bala's claims of employment discrimination under 42 U.S.C. §§ 1981 and 1983. We have jurisdiction over an interlocutory appeal of the denial of qualified immunity under the collateral order doctrine. *Ballou v. McElvain*, 29 F.4th 413, 420–21 (9th Cir. 2022). We affirm in part, vacate in part, and remand.

    1.    As a preliminary matter, Dr. Bala disputes the conclusion that we have jurisdiction to consider Defendants' arguments on appeal. She is incorrect. Under the collateral order doctrine, our jurisdiction is limited to determining whether Defendants "would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in [Dr. Bala's] favor." *Id.* at 421 (quoting *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021)). Defendants concede that this is all that they are asking, so we may review their argument.

Dr. Bala also contends that Defendants never requested, and the district court never denied, qualified immunity as to her § 1981 claim and the portion of her § 1983 claim alleging Defendants' failure to stop harassment of Dr. Bala. It is true that the district court's order did not mention qualified immunity with respect

to either claim. However, Defendants moved for summary judgment, on both claims, on the basis of qualified immunity. Thus, to the extent that the district court allowed Dr. Bala's § 1981 and § 1983 claims to proceed, the district court "necessarily determined that [Defendants'] conduct . . . constituted a violation of clearly established law." *Giebel v. Sylvester*, 244 F.3d 1182, 1186 n.6 (9th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996)); *see also Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 968 (9th Cir. 2010) (interlocutory appeal permitted where district court "failed or chose not to complete" qualified immunity analysis).

 Although we therefore have jurisdiction to consider Defendants' arguments as to Dr. Bala's § 1981 claim, the same cannot be said about Defendants' arguments regarding Dr. Bala's § 1983 claim of a failure to stop harassment. The district court granted summary judgment in favor of Defendants "[t]o the extent that [Dr. Bala]'s discrimination claims allege a hostile work environment based on sex or a combination of race and sex," which the court characterized as including Dr. Bala's allegation that Defendants failed to take reasonable steps to stop the "harassing, unwarranted and stereotypical treatment" against her. We lack jurisdiction to review this grant of summary judgment in an interlocutory appeal. If the parties are uncertain as to the precise scope of the district court's order and what evidence may be put forward in support of Dr. Bala's disparate treatment

3

claim, the parties may seek clarification from the district court.

2. Defendants are not entitled to qualified immunity on Dr. Bala's § 1983 claim that they discriminated against her because of her sex and race. The district court found that Dr. Bala had produced sufficient evidence for a reasonable trier of fact to conclude that Defendants' concededly legitimate, nondiscriminatory reasons for taking adverse actions against Dr. Bala—complaints of a "bullying" and "abusive" management style—were pretextual. Defendants contend that the complaints against Dr. Bala were "facially sex- and race-neutral," that it was "prudent" to decide not to renew the contract of a doctor accused of "abusive" behavior, and that ignoring complaints against an employee because she is "female and/or Asian" would itself raise equal protection concerns.

These, however, are all arguments that Defendants' stated reasons for the adverse actions against Dr. Bala were *not* pretextual. The district court concluded that questions of fact preclude summary judgment as to whether Defendants' stated reasons were in fact "valid and non-discriminatory." *Ballou*, 29 F.4th at 424. Accordingly, "we may not review that conclusion in the present procedural posture." *Id.* Otherwise, the collateral order doctrine would function to permit wide-ranging review of denials of summary judgment, which are not final orders. *Id.* at 421.

Properly framed, Defendants are not entitled to qualified immunity because

4

the right at issue—not to face a discriminatory internal investigation that ultimately resulted in nonrenewal of Dr. Bala's contract—was clearly established. The Equal Protection Clause guarantees state employees "a clearly established constitutional right" not to "be refused employment" or face "adverse alterations of job responsibilities," among other hostile treatment, because of their sex or race. *Bator v. Hawai'i*, 39 F.3d 1021, 1028–29 (9th Cir. 1994). Dr. Bala contends that Defendants took adverse action against her because of her sex and race. Such alleged conduct "falls squarely within the constitutional prohibition outlined in" our precedent. *Ballou*, 29 F.4th at 426. Thus, Defendants are not entitled to qualified immunity on Dr. Bala's § 1983 claim, at least for purposes of summary judgment.

   3. Dr. Bala's § 1981 claim alleging that Defendants interfered with her right to make and enforce contracts because of her race, however, is barred, although not for reasons of qualified immunity. While this appeal was pending, we held that § 1981 does not provide an implied cause of action. *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1044 (9th Cir. 2023) (en banc). Joining our sister circuits, our en banc court held that "[a] plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983." *Id.* at 1047. Thus, Dr. Bala cannot bring a standalone § 1981 claim against Defendants.

   In *Yoshikawa*, the en banc court vacated the district court's order and

remanded "with instructions to allow Yoshikawa to replead his § 1981 claim as a § 1983 claim." *Id.* at 1047. We do the same here. We cannot say that Dr. Bala would not have pleaded her existing § 1983 claim "differently if [she] had known that [she] lacked a cause of action under § 1981." *Id.* at 1048. Allowing Dr. Bala to replead her § 1981 claim as a § 1983 claim will clarify her specific allegations.

Accordingly, we instruct the district court to allow Dr. Bala to replead her § 1981 claim against Defendants as a § 1983 claim. The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**