BRENDA K. BAUMGART, OSB No. 992160
brenda.baumgart@stoel.com
ANDREA H. THOMPSON, OSB No. 084923
andrea.thompson@stoel.com
SOPHIE SHADDY-FARNSWORTH, OSB No. 205180
sophie.shaddy-farnsworth@stoel.com
MEGAN S. BRADFORD, OSB No. 222711
megan.bradford@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DR. RUPA BALA,<br><br>        Plaintiff,<br><br>    v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon public corporation; DR. CHARLES HENRIKSON, an individual; DR. JOAQUIN CIGARROA, an individual,<br><br>        Defendants. | No.: 3:18-CV-00850-HZ<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST** |

Defendants Oregon Health and Science University ("OHSU"), Dr. Charles Henrikson, and Dr. Joaquin Cigarroa (collectively, "Defendants") submit the following objections to plaintiff Dr. Rupa Bala's ("plaintiff") Exhibit List. Defendants reserve the right to assert additional objections at trial in the context of the other evidence as it then exists, and based on the purpose for which the exhibit is offered.

Page 1   -   DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

## I.  COMMON OBJECTIONS

Several of plaintiff's exhibits are subject to the same objections.  Those common objections are identified below and then referred to by objection number and description in the following section addressing specific exhibits.

1. **<u>Inadmissible Hearsay Based on Out-of-Court Statements</u>**

Plaintiff's exhibits are filled with out-of-court statements offered for the truth of the matter asserted, for which no foundation to a hearsay exception can be laid.  Federal Rules of Evidence ("FRE") 801-802.  This includes self-serving hearsay statements made by Plaintiff, which are inadmissible.  *See Stunkard v. Maya*, No. 3:18-CV-00679-YY, 2020 WL 42788, at *4 (D. Or. Jan. 3, 2020); *Casey v. Tierno*, 127 A.D.2d 727, 727, 512 N.Y.S.2d 123, 124–25 (1987).  Additionally, when a statement is hearsay within hearsay, or double hearsay, each statement must qualify under some exemption or exception to the hearsay rule.  FRE 805; *United States v. Arteaga*, 117 F.3d 388, 396 n.12 (9th Cir. 1997).

2. **<u>Evidence Is Inadmissible Under Rule 401 and/or Rule 403</u>**

Regardless of whether evidence may meet the standards of admissibly under, for example, Rule 601, 701, 801, or 802, all evidence is subject to the limitations of Rules 401 and 403. To be admissible at trial, all evidence must be relevant, meaning that it "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." FRE 401.  Furthermore, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.  Defendants object below to proposed exhibits that fail under Rule 401 and/or Rule 403.

3. **<u>Evidence Is Inadmissible as Established by Defendants' Motions in Limine</u>**

Defendants have filed Motions in Limine ("MIL"), specifically on the following matters:

MOTION NO. 1:   Plaintiff Should Be Prohibited from Offering Evidence or Argument Related to the Covington Report.

MOTION NO. 2:   Improper "Comparators" and Evidence About Matters Outside of Plaintiff's Reporting Structure Should Be Excluded.

MOTION NO. 3:   Evidence Regarding "Bad Character," an Alleged "Culture of Discrimination," "Me-Too" Evidence, and Other Nonspecific Workplace Impressions Should Be Excluded.

MOTION NO. 4:   Evidence Seeking to Litigate the Validity of Plaintiff's Reports of Substandard Patient Care and PHI, Should Be Excluded.

MOTION NO. 5:   Evidence and Argument Regarding Dismissed Claims and Allegations and Resolved Issues Should Be Excluded.

MOTION NO. 6:   Evidence Attempting to Litigate Whether the Safety Pause Pending Investigation Was a Restriction of Plaintiff's "Clinical Privileges" Should Be Excluded.

MOTION NO. 7:   Evidence That Plaintiff Has Been Damaged Because of the Existence of Her Lawsuit Should Be Excluded.

To the extent that Plaintiff's proposed exhibits run afoul of the admissibility issues identified in these motions, Defendants refer to the corresponding MIL below.

4. **<u>Evidence is Inadmissible Under Rule 404.</u>**

Rule 404 bars the admissibility of character evidence for the purpose of proving the individual acted in conformity therewith by specifying that "a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FRE 404(a)(1). Rule 404(a) was explicitly amended in December 2006 "to clarify that in a civil case[,] evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait." *See also* Rule 404(a) advisory

122659039.4 0027345-00065

committee's note to 2006 amendment ("[I]n a civil case[,] evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait.").

Rule 404(b) governs the admissibility of "other act" evidence and provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Accordingly, evidence is admissible under Rule 404(b) only if the following test is satisfied:

> (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged.

*Duran v. City of Maywood,* 221 F.3d 1127, 1132–33 (9th Cir. 2000) (internal footnote omitted). "Even if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *Id.* at 1133.

| Exhibit Number(s) | Basis for Objection |
|---|---|
| 45, 48, 57, 70, 71, 89, 120, 84 | **Objection 2. FRE 401/403.** Exhibits 45, 48, 57, 70, 89, and 120 are handwritten notes from Human Resources ("HR") personnel Linda Strahm. The notes are illegible. Allowing plaintiff to introduce this evidence will require the jury to speculate as to what is written in the documents, which is a waste of time, is likely to be misleading and confusing to the jury, and will unfairly prejudice OHSU and Drs. Henrikson and Cigarroa.<br><br>Exhibit 71 are typed notes that contain Ms. Strahm's handwritten notations. Ms. Strahm's notations are illegible and should be excluded for the same reasons identified above.<br><br>Exhibit 84 is an email exchange between Dr. Cigarroa, Dr. Henrikson, and Ms. Strahm regarding downgrading plaintiff's Performance Expectations Plan ("PEP") to a coaching letter. The second page of the exhibit (Bates |

| | |
|---|---|
| | number OHSU_RB002115) is illegible and plaintiff should be required to replace this document with a legible copy for the reasons explained above. |
| 4, 5 | **Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs.** Exhibit 4 is a document from OHSU's website describing the purpose and scope of services of the Ombudsman. Exhibit 5 is a copy of OHSU's Professional Staff Bylaws. The only potential relevance of these exhibits is in relation to whether plaintiff's clinical privileges were suspended. As established in Defendants' MIL No. 6, such evidence is irrelevant, is a waste of time and will result in a mini-trial, is confusing to the jury, and will unfairly prejudice OHSU and Drs. Henrikson and Cigarroa. |
| 34 | **Objection 3. Evidence Is Inadmissible Under Defendants' MILs.** Exhibit 34 is an email from plaintiff to Dr. Sanjiv Kaul responding to her PEP. Defendants do not object to this exhibit in its entirety, however, depending upon the Court's ruling on Defendants' MIL No. 4 regarding the inadmissibility of specific patient outcomes and protected health information ("PHI"), redactions may be required to the third page of the document. |
| 43 | **Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs.** Exhibit 43 is an email thread between Dr. Henrikson, plaintiff, and other OHSU employees regarding sheath protocols. The email includes irrelevant, confusing, and unhelpful information about the specifics of electrophysiology ("EP") protocols and should be excluded. (*See* Defendants' MIL No. 4.) <br><br> **Objection 1. Inadmissible Hearsay.** In addition, the first page of the document contains an email exchange between Rachel White and Kathy Heitman-Allen. Rachel White will not be testifying at trial and Plaintiff's witness statement for Ms. Heitman-Allen does not include testimony about patient protocols. This email exchange is therefore hearsay for which no foundation to a hearsay exception can be laid. Absent some foundation not yet identified, that portion of the email thread should be excluded. |
| 129 | **Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs.** Exhibit 129 is an email exchange between plaintiff and Richard Botney about concerns she had regarding staff training for electrophysiology technologists in the Cath Lab. This evidence is inadmissible, as articulated in Defendants' MIL No. 4. Plaintiff wishes to have mini-trials regarding OHSU's standard of care and handling of patient procedures. Such evidence has no probative value to any of her claims. Instead, it is merely an attempt to unfairly prejudice OHSU and Drs. Henrikson and Cigarroa and confuse the issues for the jury. (*See* Defendants' MIL No. 4; FRE 401-403.) |

|  | **Objection No. 1. Inadmissible Hearsay.** In addition, Richard Botney will not be testifying at trial. The document is hearsay for which no foundation to a hearsay exception can be laid, and includes self-serving hearsay statements made by plaintiff, which are inadmissible. |
|---|---|
| 61 | **Objection 2. FRE 401/403.** Exhibit 61 is an email and its attachments sent by Peter Schulman to Anesthesiology staff members regarding a pre-procedure "huddle" prior to an EP procedure with plaintiff. The attachments to the email include several "practice suggestions" and protocols for the anesthetic plan during EP procedures (Bates numbers OHSU_RB 1917-1925). The attached EP/anesthesia protocols are not material to any of plaintiff's claims in this case. Evidence of these protocols is irrelevant, a waste of time, unfairly prejudicial, and confusing. |
| 110 | **Objection 1. Inadmissible Hearsay; Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs.** Exhibit 110 contains an email from plaintiff to Ms. Strahm that includes a link to an online article and a printed copy of the online article entitled "9 Non-Threatening Leadership Strategies for Women." The article is hearsay for which no foundation can be laid. It also lacks relevance and serves only to confuse the jury and prejudice OHSU and Drs. Henrikson and Cigarroa. (*See* Defendants' MIL No. 3.) The email from plaintiff including the link to the article should also be excluded. It has no independent probative value, is unfairly prejudicial, is confusing, and is misleading to the jury. FRE 401-403. |
| 11, 14, 15, 16, 17, 18, 20, 26, 43, 99, 111, 116, 124, 125, 126, 128, 129, 130, 131, 132, 133, 134, 135, 138, 139, 142, 144, 146, 147, 153, 154 | **Objection 2. FRE 401/403; Objection 3. Evidence is Inadmissible Under Defendants' MILs.** All of the exhibits identified in the left-hand column are emails sent between plaintiff and various EP physicians and staff that refer to the quality of care at OHSU and plaintiff's concerns about OHSU's alleged substandard medical care. Again, plaintiff wishes to have mini-trials regarding OHSU's standard of care and handling of patient procedures. The validity of plaintiff's underlying reports related to alleged substandard patient care has no bearing on whether she was retaliated against for making such reports. Portions of these emails are inadmissible and will need to be redacted, for the reasons explained Defendants' MIL No. 4. Such evidence has no probative value to any of her claims and will unfairly prejudice OHSU and confuse the issues for the jury. FRE 401-403.<br><br>In addition, portions of Exhibits 18, 20, 26, 116, 124, 125, 126, 130, 131, 134, 135, 138, 139, 142, 144, 146, 147, 153, and 154 contain detailed descriptions about specific patients and patient procedures, patient outcomes, and PHI. Such evidence is inadmissible and should be redacted for the reasons articulated above and in Defendants' MIL No. 4. Not only is such evidence highly prejudicial, but it also risks delving into areas |

| | |
|---|---|
| | concerning highly confidential, patient care quality issues that should be protected. |
| 137 | **Objection 1. Inadmissible Hearsay; Objection 2. FRE 401/403.** Exhibit 137 is an email from plaintiff to OHSU employee Jonathan Davis. The email includes only plaintiff's statements that she overheard nursing staff making fun of her. The recipient of the email, Mr. Davis, will not be testifying at trial. Plaintiff's statements about what she allegedly overheard unnamed individuals say about her are hearsay (specifically, self-serving hearsay) to which no exception applies. The document is also irrelevant, confusing, and unfairly prejudicial. |
| 144 | **Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs; Objection 4. FRE 404.** Exhibit 144 contains an email exchange between plaintiff and Dr. Charles Kilo. Portions of plaintiff's email to Dr. Kilo contain information related to plaintiff's specific patients, their treatment, and specifics regarding patient outcomes. As explained in Defendants' MIL No. 4, such evidence is irrelevant, confuses the issues in the case, is unfairly prejudicial, and should be redacted.<br><br>In addition, portions of plaintiff's email refer to Dr. Firas Zahr and include vague allegations and assertions that Dr. Zahr was treated more favorably than plaintiff. Plaintiff has failed to identify that Dr. Zahr is a valid comparator. (*See* Defendants' MIL No. 2.) Plaintiff presumably intends to use this exhibit in part to assert that Dr. Zahr was not subject to similar treatment. Such evidence is irrelevant, confusing, likely to mislead the jury, and unfairly prejudicial and should be redacted. (*See* Defendants' MIL No. 2; FRE 401-404.) |
| 147 | **Objection 1. Inadmissible Hearsay; Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs; Objection 4. FRE 404.** Exhibit 147 is an email from plaintiff to Ms. Strahm and includes a forwarded email string between plaintiff and OHSU employee Pam Sturm. Plaintiff's email to Ms. Strahm refers to two unnamed female attending physicians leaving OHSU and includes vague allegations that the physicians were treated unfairly. Plaintiff's vague allegations regarding OHSU's treatment of other employees is based on speculation or is inadmissible hearsay. (FRE 801-802; FRE 602.) Such evidence is irrelevant, unfairly prejudicial, and serves only as improper character evidence and has no basis for admission at trial. (*See* Defendants' MIL No. 3; FRE 404.) |

| | |
|---|---|
| 148, 163, 169 | **Objection 1. Inadmissible Hearsay; Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs. Objection 4.  FRE 404.** |
| | Exhibits 148 and 163 are news articles about OHSU published by The Lund Report.  Exhibit 169 is an online article about OHSU published by Medium.  All three documents are hearsay for which no foundation can be laid. |
| | The substance of these proposed exhibits is also inadmissible.  Exhibit 148 contains information about an OHSU faculty survey and statements attributed to OHSU's Executive Vice Provost Dr. David Robinson related to the survey, as well as statements about alleged discrimination and harassment at OHSU.  Any evidence on those topics is inadmissible.  (*See* Defendants' MIL No. 3.)  In addition, Dr. Robinson's statements about the survey serve no purpose in this case and would only serve to confuse and mislead the jury, and to attack OHSU's character.  (*See* Defendants' MIL No. 3.) |
| | Exhibit 163 contains information about Dr. Jeffrey Kirsch's transition from being the head of OHSU's Anesthesiology department and statements attributed to Dr. Sharon Anderson about Dr. Kirsch. This information is inadmissible because it lacks relevance (bearing no connection to Plaintiff's claims), is based on hearsay, is improper propensity evidence, and serves only to confuse the jury and prejudice OHSU and Drs. Henrikson and Cigarroa.  (*See* Defendants' MIL Nos. 2 and 3.) |
| | The article contained in Exhibit 169 contains statements and information on a host of topics related to OHSU, including (but not limited to) OHSU's annual budget; alleged substandard medical care; alleged Health Insurance Portability and Accountability Act (HIPAA) violations; concerns about OHSU's cardiology program; Dr. Kirsch's and Dr. John Ma's transition from OHSU; lawsuits brought by plaintiff and others; statements attributed to Dr. Robinson related to the faculty survey; alleged medical malpractice lawsuits; and alleged statements from an unnamed OHSU female physicians.  The information contained in the article is based entirely on hearsay or speculation, is not relevant, is improper character evidence, and is highly inflammatory and prejudicial. (*See* Defendants' MIL Nos. 2 and 3; FRE 401-403; FRE 404; FRE 801-802; FRE 602.) |
| 149 | **Objection 1.  Inadmissible Hearsay; Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs; Objection 4.  FRE 404.**  Exhibit 149 is a copy of the Faculty Satisfaction/Vitality Survey referenced in Exhibits 148 and 163 and discussed above.  The survey is inadmissible hearsay for which no foundation can be laid.  It is also inadmissible under 401, 403, 404, and for the reasons explained in Defendants' MIL No. 3. |

| | |
|---|---|
| 152 | **Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs; Objection 4. Rule 404.** Exhibit 152 is an email from Kathy Heitman-Allen to the Cath Lab staff and several EP providers. The email includes a forwarded email from Dr. Zahr to Ms. Heitman-Allen encouraging staff to raise safety concerns and/or ask for a pause during procedures to address any such concerns. Neither email is relevant to plaintiff's claims; the emails do not appear to have been sent to plaintiff, nor do they mention plaintiff or relate to her in any way.<br><br>In addition, and as noted above, it appears from plaintiff's witness statements that she intends to introduce evidence that Dr. Zahr is a comparator. Plaintiff has failed to establish Dr. Zahr as a valid comparator. (*See* Defendants' MIL No. 2.) To the extent Plaintiff seeks to use this exhibit to assert that Dr. Zahr was not subject to similar treatment, it should be excluded. Such evidence is irrelevant, confusing, and likely to mislead the jury, and the risk of unfair prejudice outweighs any probative value of this document. (*See* Defendants' MIL No. 2; FRE 401-404.) To the extent any of the information in the document is relevant, it can be introduced through witness testimony. |
| 159, 160 | **Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs; Objection 4. Rule 404.** Exhibit 159 is a document related to an Affirmative Action and Equal Opportunity ("AAEO") investigation and interview of an OHSU employee, Dr. Gary Greenberg, conducted by AAEO Director Laura Stadum and Ms. Strahm on January 23, 2018, in response to reports that Dr. Greenberg made inappropriate comments to female coworkers in the workplace. Exhibit 160 is a closure memo related to the same investigation. Both documents are inadmissible under FRE 401, 403, and 404, and as explained in Defendants' MIL Nos. 3 and 4.<br><br>**Objection 1. Inadmissible Hearsay.** The documents are also inadmissible hearsay for which no foundation can be laid. The author of the documents, Laura Stadum, will not be testifying at trial and therefore there is no witness who has any personal knowledge of the documenting of the interview and investigation. FRE 602. |
| 161, 162, 180, 181, 182 | **Objection 2. FRE 401/403; Objection 4. FRE 404.** Exhibits 161-162, 181, and 182 contain emails and screenshots of text messages sent between various OHSU employees and witnesses in this case, including Dr. Sharon Anderson, Dr. Kaul, and Dr. Henrikson. The messages were sent in May and September 2018—approximately one year after plaintiff's departure from OHSU—and reference or relate to plaintiff's lawsuit against OHSU and Drs. Henrikson and Cigarroa. The messages are irrelevant to any of the issues in this case and the admission of such after-the-fact evidence would |

| | |
|---|---|
| | only confuse and mislead the jury and cause unfair prejudice to OHSU and Drs. Henrikson and Cigarroa.<br><br>Exhibit 180 is a screenshot of a text exchange dated December 7, 2017 between Dr. Henrikson and EP tech Tom Clark that references disposing of catheters that plaintiff had ordered from the lab. The text exchange occurred six months after plaintiff left OHSU and should be excluded for the reasons discussed above. Such evidence is irrelevant, is unfairly prejudicial, serves only as improper character evidence, and is meant to confuse and mislead the jury. FRE 401-404. |
| 164, 165, 166, 167 | **Objection 1. Inadmissible Hearsay; Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs; Objection 4. FRE 404.** Exhibits 164 and 165 are typed notes from OHSU's former Vice President of HR Dan Forbes related to alleged unprofessional conduct by Dr. Kirsch from in or around July 2018 (after plaintiff left OHSU). It is unclear, from the face of the documents, who authored them. Exhibit 166 is a letter written by Mr. Forbes to Dr. Anderson related to allegations of Code of Conduct violations by Dr. Kirsch from the same time period.<br><br>The documents are inadmissible hearsay for which no foundation can be laid. In addition, and as explained in Defendants' MIL Nos. 2 and 3, this evidence is improper because it lacks relevance (bearing no connection to Plaintiff's claims), is improper propensity evidence, and serves only to confuse the jury and prejudice OHSU and Drs. Henrikson and Cigarroa. FRE 401, 403, 404.<br><br>In addition, plaintiff has not proffered the author of the documents as a witness, and therefore there is no witness who has any personal knowledge regarding the documenting of the investigation and preparation of the notes, letter, and email correspondence contained in Exhibits 164-167. FRE 602. No foundation can be laid to admit these exhibits or the statements they contain. *See also* FRE 901. |
| 168 | **Objection 1. Inadmissible Hearsay; Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs; Objection 4. FRE 404.** Exhibit 168 is a memorandum related to an AAEO investigation into Dr. John Ma, a former Chair of the Department of Emergency Medicine. The investigation occurred a year after Plaintiff's departure from OHSU.<br><br>Evidence related to Dr. Ma is inadmissible. (*See* Defendants' MIL Nos. 2 and 3.) The documents are also inadmissible hearsay for which no foundation can be laid. FRE 801-802. The author of the documents, Lori Watson, will not be testifying at trial and was not identified – by either party – as a person with knowledge about this case or otherwise identified as required by Rule 26(a). Therefore, there is no witness who has any |

| | |
|---|---|
| | personal knowledge regarding the documenting of the investigation and preparation of the memorandum and no foundation can be laid to admit these exhibits or the statements they contain. *See also* FRE 602; 901. |
| 172 | **Objection 2. FRE 401/403.** Exhibit 172 includes eight pages of spreadsheets containing various text messages sent between Dr. Henrikson and various EP staff, attending physicians, nurses, and fellows between the dates of January 2014 until May 2018. This exhibit is completely illegible. Allowing Plaintiff to introduce this evidence will require the jury to speculate as to the contents of the documents, which is a waste of time, is likely to be misleading and confusing to the jury and will unfairly prejudice OHSU and Drs. Henrikson and Cigarroa. |
| | **Objection 3. Evidence Is Inadmissible Under Defendants' MILs; Objection 4. FRE 404.** To the extent plaintiff seeks to propose in a legible format any of the text messages contained in Exhibit 172, Defendants object to the admission of messages that were sent or received after plaintiff filed this lawsuit against OHSU and Drs. Henrikson and Cigarroa that reference or relate to the lawsuit. The messages are irrelevant to any of the issues in this case and the admission of such after-the-fact evidence would only confuse and mislead the jury and cause unfair prejudice to OHSU and Drs. Henrikson and Cigarroa. FRE 401-403. |
| | In addition, any messages sent or received by Dr. Henrikson that refer to or discuss specific patients, procedures, and patient outcomes are not relevant to this case and should be excluded under FRE 401, 403, and for the reasons identified in Defendants' MIL No. 4. |
| | **Objection 1. Inadmissible Hearsay.** Exhibit 172 contains a number of text messages sent by both OHSU and non-OHSU employees that are inadmissible hearsay to which no exception applies, including statements that fall well outside the scope of the employee relationship under FRE 801(d)(2)(D). FRE 801-802; 601. These statements lack relevance (bearing no connection to plaintiff's claims) and serve only to confuse the jury and prejudice Defendants. FRE 401-403; 801-802. |
| 183, 184 | **Objection 1. Inadmissible Hearsay; Objection 2. FRE 401/403; Objection 3. Evidence Is Inadmissible Under Defendants' MILs. Objection 4. FRE 404.** Exhibit 183 is an online article regarding release of the Covington Report. The article contains statements attributed to Dr. Danny Jacobs, the President of OHSU, related to the Covington Report and his concerns about matters related to diversity, inclusion, discrimination, harassment, etc. Exhibit 184 is a copy of the Covington Report. |
| | This evidence is inadmissible for a variety of reasons, including those articulated in MIL Nos. 1, 2, 3, and 5, and Rules 401, 403, and 404. Plaintiff's attempt to introduce hearsay-within-hearsay involving OHSU's highest-ranking leaders at trial, who was not involved whatsoever in her |

| | |
|---|---|
| | employment, is an obvious attempt to attack OHSU's character and such testimony must be excluded.  FRE 401-404.<br><br>In addition, both exhibits are inadmissible hearsay (including double hearsay) for which no foundation can be laid.  FRE 801-802; 601. |
| 185-187, 189, 191, 193, 195, 197, 199, 203 | **Objection 1. Inadmissible Hearsay.**  Exhibits 185-187, 189, 191, 193, 195, 197, 199, and 203 are expert reports from Plaintiff's social sciences and damages and mitigation experts which were prepared for the purposes of litigation.  Such reports are hearsay to which no exception applies.  *See, e.g.*, *Alexie v. United States*, No. 3:05-CV-00297 JWS, 2009 WL 160354, at *1 (D. Alaska Jan. 21, 2009) (excluding expert reports as inadmissible hearsay); *Clark v. City of Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981) ("[A] document prepared for purposes of litigation is not a business record because it is lacking in trustworthiness." (quoting *Palmer v. Hoffman*, 318 U.S. 109 (1943)). The reports also contain double hearsay (namely, plaintiff's self-serving hearsay statements) which is inadmissible.<br><br>**Objection – FRE 702 and *Daubert*.  Improper Expert Opinion.**  Exhibits 185 and 186 are expert reports prepared by Dr. Peter Glick and Dr. Molly Carnes.  Expert opinions and testimony by Dr. Glick and Dr. Carnes is inadmissible and should be excluded.  (*See* Defendants' Motion to Exclude Opinions and Testimony of Plaintiff's Experts Dr. Peter Glick, Dr. Molly Carnes, and Lisa Broten ("Defendants' Motion to Exclude Opinions and Testimony of Plaintiff's Experts").<br><br>Exhibit 187 is an expert report prepared by Lisa Broten.  Portions of Ms. Broten's report contains inadmissible opinions and should be excluded.  (*See* Defendants' Motion to Exclude Opinions and Testimony of Plaintiff's Experts at 34-35.)<br><br>**Objection 2.  FRE 401/403.**  Exhibits 189 and 199 are rebuttal expert reports prepared by Plaintiff's experts.  Defendants are not seeking to admit any reports prepared by their experts.  Allowing Plaintiff to introduce expert reports rebutting the opinions of Defendants' experts without the Defendants' experts' underlying reports would be confusing and misleading to the jury and unduly prejudicial to Defendants.<br><br>Finally, if the Court concludes that Plaintiff's experts' opinions are admissible, their reports should be excluded because they are cumulative of the expert's actual testimony.   Should the Court allow the admission of these expert reports in their entirety, then plaintiff must redact them in accordance with the Court's evidentiary rulings.<br><br>Defendants do not object to the use of the tables and charts contained in Exhibits 188, 190, 192, 194, 196, 198, 200-202, and 204-205 if accompanied by related testimony from Plaintiff's experts. |

| 216 | **Objection 1. Inadmissible Hearsay.** Exhibit 216 is a summary of the timeline of plaintiff's job search efforts. The summary was prepared by plaintiff and for the purposes of litigation. The document is hearsay (as well as self-serving hearsay) to which no exception applies. *See Clark*, 650 F.2d at 1037. Plaintiff may argue this document is a summary under Rule 1006. But Rule 1006 does not preempt the other evidentiary rules, and the fact that the document itself is hearsay (and contains double hearsay) renders it inadmissible. |
|---|---|
| 217-223 | **Objection 2. FRE 401/403.** Exhibits 217-223 contain more than 750 documents related to Plaintiff's job search efforts between 2017 and 2022. Defendants do not object to the contents of the documents. However, the sheer number of documents contained in these exhibits is excessive. Allowing Plaintiff to introduce more than 750 pages of emails sent between plaintiff and various employers, recruiters, and others would be burdensome and confusing to the jury and a waste of time. |

## II.  GENERAL OBJECTION TO PLAINTIFF'S EXHIBITS

Plaintiff's exhibits do not comply with the Court's Trial Management Order: the documents are not paginated, the exhibit stickers do not include the case number, and many of the exhibits include both deposition exhibit stickers and trial exhibit stickers (which contain conflicting exhibit numbers). In addition, several exhibits listed on Plaintiff's Exhibit List are misnumbered (Exhibits 218-223), include incorrect dates and descriptions (Exhibits 99-100, 115, 125, 209), and at least one exhibit is missing an exhibit sticker (Exhibit 218). These errors will create confusion for the parties and the Court at trial, as well as for the jury, witnesses, and for purposes of the record in this case. Plaintiff should be required to address and fix these issues to the extent they apply to Plaintiff's exhibits deemed admissible for trial by the Court.

In addition, many of plaintiff's proposed exhibits include documents that have been designated confidential pursuant to the parties' Stipulated Protective Order in this case. *See* ECF No. 23. The parties will need to confer regarding what steps will need to be taken prior to trial to

protect from disclosure confidential information contained within the exhibits deemed admissible at trial.

DATED: March 19, 2024

STOEL RIVES LLP

  *s/ Andrea H. Thompson*
BRENDA K. BAUMGART, OSB No. 992160
brenda.baumgart@stoel.com
ANDREA H. THOMPSON, OSB No. 084923
andrea.thompson@stoel.com
SOPHIE SHADDY-FARNSWORTH, OSB No. 205180
sophie.shaddy-farnsworth@stoel.com
MEGAN S. BRADFORD, OSB No. 222711
megan.bradford@stoel.com
Telephone:  503.224.3380

Attorneys for Defendants