BRENDA K. BAUMGART, OSB No. 992160
brenda.baumgart@stoel.com
ANDREA H. THOMPSON, OSB No. 084923
andrea.thompson@stoel.com
SOPHIE SHADDY-FARNSWORTH, OSB No. 205180
sophie.shaddy-farnsworth@stoel.com
MEGAN S. BRADFORD, OSB No. 222711
megan.bradford@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DR. RUPA BALA,

Plaintiff,

v.

OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon public corporation; DR. CHARLES HENRIKSON, an individual; DR. JOAQUIN CIGARROA, an individual,

Defendants.

Case No.: 3:18-CV-00850-HZ

**DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA TO LEONARD HENZKE**

## I. INTRODUCTION

The Court should quash plaintiff's subpoena to Defendants' physician compensation expert, Leonard Henzke, because Mr. Henzke—a resident of Seattle, Washington—is outside this Court's subpoena power under FRCP 45(c). Further, plaintiff will have the opportunity to cross examine Mr. Henzke in Portland when Defendants call him to testify.

## II. FACTS

Plaintiff subpoenaed Mr. Henzke on April 4, 2024, commanding him to appear at a court reporting office in Seattle, Washington on April 19, 2024 at 1:30 p.m. for "trial," where plaintiff presumably plans to elicit Mr. Henzke's remote testimony. Declaration of Andrea H. Thompson ("Thompson Decl.") ¶ 2, Ex. 1. Mr. Henzke resides and works in Seattle and will testify in person in Portland during Defendants' case-in-chief. Thompson Decl. ¶ 3. Plaintiff did not identify Mr. Henzke on her pretrial witness list or give any other indication that she intended to call him to testify during her own case-in-chief. Thompson Decl. ¶ 4. Nor did plaintiff confer with Defendants or otherwise provide any notice that she planned to issue a subpoena to their expert, Mr. Henzke. *Id.*

## III. ARGUMENT

Plaintiff's attempt to subpoena Mr. Henzke, who lives out of state and is beyond this Court's subpoena power, is barred by FRCP 45(c), which "defines the 'place of compliance' for subpoenas and the geographical scope of a federal court's power to compel a witness to testify at a trial or other proceeding." *In re Kirkland*, 75 F.4th 1030, 1042 (9th Cir. 2023) (citation omitted).[1] Rule 45(c) sets two geographic limitations on the reach of a district court's subpoena power. First, a person can be commanded to attend trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FRCP 45(c)(1)(A). Second, a person can be commanded to attend trial "within the state where the person resides, is employed, or regularly transacts business in person." FRCP 45(c)(1)(B). "If a trial subpoena exceeds these

[1] Although Defendants are not currently challenging the sufficiency of service of the subpoena because it is invalid as a matter of law, they reserve their right to do so.

geographical limitations, the district court '*must* quash or modify' the subpoena." *Kirkland*, 75 F.4th at 1042 (emphasis in original) (quoting FRCP 45(d)(3)(A)(ii)).

Here, Plaintiff subpoenaed Mr. Henzke, who resides and works in Seattle, Washington—more than 100 miles from Portland, in another state. Thompson Decl. ¶ 3. Mr. Henzke is plainly outside this Court's subpoena power. Plaintiff nonetheless attempts to circumvent Rule 45(c)'s geographic limitations by commanding Mr. Henzke to appear at a Seattle court reporting office to, presumably, testify remotely. However, the Ninth Circuit has been clear that Rule 45(c) limits the reach of subpoenas to compel remote testimony in the same way as in-person testimony. *Kirkland*, 75 F.4th at 1042-44.

In *Kirkland,* the Ninth Circuit considered whether and how Rule 45(c) "applies when a person is commanded to testify at trial *remotely*." *Id.* at 1042 (emphasis in original). Specifically, the court analyzed whether Rule 43(a)—which permits remote testimony "'[f]or good cause in compelling circumstances and with appropriate safeguards'"—permits a district court to compel trial testimony from a witness who otherwise falls outside the geographic limitations of Rule 45(c). *Id.* at 1042-43 (brackets in original; citation omitted). After engaging in an extensive analysis, the Ninth Circuit ruled that videoconferencing technology and other options for remote testimony have *not* changed the geographic limitations imposed by Rule 45(c). *Id.* at 1046. Any other conclusion "would stretch the federal subpoena power well beyond the bounds of Rule 45, which focuses on the *location of the proceeding* in which a witness is compelled to testify," not on any other metric—and while technology has changed, "the rules defining the federal subpoena power have not." *Id.* (emphasis in original).

Because Mr. Henzke is outside this Court's subpoena power—regardless of whether he is commanded to testify remotely or in person—Rule 45(d)(3)(A)(ii) "plainly instructs that [this

Court] *must* 'quash or modify'" plaintiff's subpoena. *Id.* at 1044 (emphasis in original; citation omitted).

Further, as a practical matter, plaintiff will have the opportunity to elicit Mr. Henzke's testimony on cross examination when Defendants call him in their case-in-chief. It is unclear why plaintiff, who did not include Mr. Henzke on her witness list, now suddenly—and at the last minute—is attempting to secure his testimony for her own case-in-chief. But the attempt is unavailing, and plaintiff must wait to question Mr. Henzke until he appears for trial in person.[2]

[2] It is possible that plaintiff seeks to call Mr. Henzke in her case-in-chief in an attempt to remedy an issue that is of her own making. Plaintiff's physician compensation rebuttal expert, David Glusman, is unavailable to testify at trial due to a cruise in Asia. The Court first granted plaintiff an extension to locate Mr. Glusman and then later permitted plaintiff to secure his testimony via a perpetuation deposition on March 27, 2024 over Defendants' objections. Thompson Decl. ¶ 5, Ex. 2. In seeking to perpetuate Mr. Glusman's testimony despite having already deposed him, plaintiff—as here—forced Defendants to incur additional fees because of her own lack of foresight. Mr. Glusman testified during his perpetuation deposition, after numerous objections, that he called plaintiff's counsel as soon as he became aware of the trial date and believes he was already aware of the trial date and his conflicting travel plans at the time of his first deposition, but, inexplicably, plaintiff failed to take steps to perpetuate his testimony until several weeks later. Deposition of David Glusman 78:6-85:12. The Court deferred ruling on Defendants' request for fees associated with the perpetuation deposition of Mr. Glusman. Dkt. 201. Defendants now respectfully request that the Court award them their fees and costs associated with this motion as well.

## IV. CONCLUSION

For the foregoing reasons, the Court should quash Plaintiff's subpoena.

DATED: April 8, 2024

STOEL RIVES LLP

*s/ Andrea H. Thompson*

BRENDA K. BAUMGART, OSB No. 992160
brenda.baumgart@stoel.com
ANDREA H. THOMPSON, OSB No. 084923
andrea.thompson@stoel.com
SOPHIE SHADDY-FARNSWORTH, OSB No. 205180
sophie.shaddy-farnsworth@stoel.com
MEGAN S. BRADFORD, OSB No. 222711
megan.bradford@stoel.com
Telephone: 503.224.3380

Attorneys for Defendants