**MATTHEW C. ELLIS, OSB No. 075800**
matthew@employmentlawpdx.com
**Matthew C. Ellis, PC**
1500 SW 1st Avenue, Suite 1000
Portland, Oregon 97201
Telephone: 503/345-5407

**STEPHEN L. BRISCHETTO, OSB No. 781564**
slb@brischettolaw.com
1500 SW 1st Avenue, Suite 1000
Portland, Oregon 97201

Telephone:  503 223-5814

Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DR. RUPA BALA**,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon public corporation; DR. CHARLES HENRIKSON, an individual; DR. JOAQUIN CIGARROA, an individual.**<br><br>　　　　　　　Defendants. | **CASE NO. 3:18-CV-00850-HZ**<br><br>**PLAINTIFF'S SUPPLEMENTAL AUTHORITIES RE: EQUAL PROTECTION CLAIM** |

　　　　The Court has determined that the Defendants discriminatory references are not an adverse action under the Equal Protection Clause.  The Court should reconsider this decision based upon the authorities cited herein.  While Title VII and ORS 659A.030 may be limited to discrimination in the "terms and conditions" of employment, the Equal Protection Clause is not so limited.  To establish an Equal Protection Clause violation a plaintiff needs to establish that "a

**Page 1 – PLAINTIFF'S SUPPLEMENTAL AUTHORITIES
RE: EQUAL PROTECTION CLAIM**

discriminatory reason for likely than not motivated the defendant and the defendant's actions adversely affected the plaintiff *in some way*." *Ballou v McElvain*, 29 F4th 413, 422 (2022)(Emphasis added).  The central inquiry is whether an "invidious discriminatory purpose was a motivating factor in some government action." *Ballou, supra* 29 F4th at 422, quoting *Ave. 6E Invs., LLC v City of Yuma*, 818 F3d 493, 504 (9th Cir 2016).  It is well established that the Equal Protection Clause "prohibits state actors from engaging in intentional conduct designed to impede a person's career advancement based upon gender.*"* *Lindsey v Shalmy*, 29 F3d 1382, 1385 (9th Cir. 1994).  The individual Defendants discriminatory references are "some government action" that "adversely affects the plaintiff in some way"; and are conduct designed to impede a person's career advancement.  Under *Lindsey, City of Yuma* and *Ballou*, they are adverse actions under the Equal Protection Clause.

A plaintiff in an Equal Protection case may recover traditional tort damages including damages for impairment of earning capacity.  *Memphis Cmty School District v Stachura*, 477 US 299, 307 (1986)(damages for constitutional deprivations include out of pocket loss and other monetary harms, impairment of earning capacity and mental and emotional distress.  Based upon *Ballou, Lindsey, City of Yuma* and *Stachura*, Defendants improper post-termination references should be included as adverse actions on the Equal Protection claim.

DATED, this 23rd day of April, 2024

-                              STEPHEN L. BRISCHETTO

                                 __/s Stephen L. Brischetto_____
                                 Stephen L. Brischetto OSB #781564
                                 Telephone:  (503) 223-5814
                                 Attorney for Plaintiff

**Page 2 – PLAINTIFF'S SUPPLEMENTAL AUTHORITIES**
**RE: EQUAL PROTECTION CLAIM**

**STEPHEN L. BRISCHETTO**
1500 SW 1st Ave., Suite 1000
Portland, Oregon 97201
Telephone:  (503) 223-5814