IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RUPA BALA,**

No. 3:18-cv-00850-HZ

Plaintiff,

v.

VERDICT FORM

**OREGON HEALTH & SCIENCE UNIVERSITY, JOAQUIN CIGARROA, AND CHARLES HENRIKSON,**

Defendants.

We, the jury, unanimously find as follows:

## Section 1: Claims against Defendant Oregon Health & Science University (OHSU)

### I.   Title VII – Sex Discrimination

Question 1.   Did Plaintiff prove by a preponderance of the evidence that Defendant OHSU nonrenewed her contract or restricted her clinical privileges because of her sex?

     **X** Yes          \_\_\_\_ No

*Proceed to Question 2.*

*Bala v. Oregon Health & Science University et al*, 3:18-cv-00850-HZ
JURY VERDICT FORM — 1

## II. Title IX – Sex Discrimination

Question 2.   Did Plaintiff prove by a preponderance of the evidence that Defendant OHSU nonrenewed her contract or restricted her clinical privileges because of her sex?

  __X__ Yes          _____ No

*Proceed to Question 3.*

## III. ORS 659A.030 – Sex Discrimination

Question 3.   Did Plaintiff prove by a preponderance of the evidence that Defendant OHSU nonrenewed her contract or restricted her clinical privileges because of her sex?

  __X__ Yes          _____ No

*Proceed to Question 4.*

## IV. ORS 659A.199 – Retaliation

Question 4.   Did Plaintiff prove by a preponderance of the evidence that Defendant OHSU retaliated against her by not renewing her contract, restricting her clinical privileges, investigating reports of Plaintiff's conduct in November 2015 and/or August 2016, or by providing a negative reference, because she made a good-faith report of evidence of a violation of a state or federal law, rule, or regulation regarding quality of care?

  _____ Yes          __X__ No

*Proceed to Question 5.*

## V. ORS 441.044 – Retaliation

Question 5.   Did Plaintiff prove by a preponderance of the evidence that Defendant OHSU retaliated against her by not renewing her contract, restricting her clinical privileges, investigating reports of Plaintiff's conduct in November 2015 and/or August 2016, or by providing a negative reference, because she disclosed to a manager an activity, policy, or practice of the hospital that Plaintiff reasonably believed was a violation of law or a rule or was a

violation of professional standards of practice that Plaintiff reasonably believed posed a risk to the health, safety, or welfare of a patient or the public?

\_\_\_\_\_ Yes    **X** No

*Proceed to Question 6.*

### Section 2: Claims against Defendant Charles Henrikson

**VII.   Section 1983 – Equal Protection – Discrimination**

Question 6.    Did Plaintiff prove by a preponderance of the evidence that Defendant Henrikson personally participated in a decision to restrict Plaintiff's clinical privileges, not renew her employment contract, or provide a negative reference?

**X** Yes    \_\_\_\_\_ No

*If you answered "No" to Question 6, you have completed your consideration of the claims against Defendant Henrikson. Proceed to Section 3, Question 8.*

*If you answered "Yes," proceed to Question 7.*

Question 7.    Did Plaintiff prove by a preponderance of the evidence that her sex was a substantial, motivating factor in Defendant Henrikson's participation in the restriction of Plaintiff's clinical privileges, nonrenewal of her employment contract, or negative reference?

**X** Yes    \_\_\_\_\_ No

*Proceed to Section 3, Question 8.*

### Section 3: Claims against Defendant Joaquin Cigarroa

**VII.   Section 1983 – Equal Protection – Discrimination**

Question 8.    Did Plaintiff prove by a preponderance of the evidence that Defendant Cigarroa personally participated in a decision to restrict Plaintiff's clinical privileges, not renew her employment contract, or provide a negative reference?

**X** Yes    \_\_\_\_\_ No

*Bala v. Oregon Health & Science University et al*, 3:18-cv-00850-HZ
JURY VERDICT FORM — 3

*If you answered "No" to Question 8, you have completed your consideration of the claims against Defendant Cigarroa. Proceed to Section 4.*

*If you answered "Yes," proceed to Question 9.*

Question 9.    Did Plaintiff prove by a preponderance of the evidence that her sex was a substantial, motivating factor in Defendant Cigarroa's participation in the restriction of Plaintiff's clinical privileges, nonrenewal of her employment contract, or negative reference?

   __X__ Yes          _____ No

*Proceed to Section 4.*

**Section 4: Damages**

*If you answered "Yes" to Questions 1, 2, 3, 4, 5, 7, or 9, answer Question 10. If you answered "No" to Questions 1, 2, 3, 4, 5, 7, and 9, skip Section 4 and the presiding juror should sign and date this verdict form.*

Question 10.    What is the value, if any, of the damages Plaintiff suffered from Defendants' conduct?

Lost past wages and benefits: $ __1,120,000__

Lost future wages and benefits: $ __2,809,600__

Impaired earning capacity: $ __0__

Emotional distress: $ __70,400__

*Bala v. Oregon Health & Science University et al*, 3:18-cv-00850-HZ
JURY VERDICT FORM — 4

The Presiding Juror should sign and date this Verdict Form.

DATED this \_\_26\_\_ day of April, 2024

_____
Presiding Juror