**MATTHEW C. ELLIS, OSB No. 075800**
matthew@employmentlawpdx.com
**Matthew C. Ellis, PC**
1500 SW 1st Avenue, Suite 1000
Portland, Oregon 97201
Telephone: 503/345-5407

**STEPHEN L. BRISCHETTO, OSB No. 781564**
slb@brischettolaw.com
1500 SW 1st Avenue, Suite 1000
Portland, Oregon 97201
Telephone:  503 223-5814

Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **DR. RUPA BALA**,<br><br>      Plaintiff,<br><br>      v.<br><br>**OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon public corporation; DR. CHARLES HENRIKSON, an individual; DR. JOAQUIN CIGARROA, an individual.**<br><br>      Defendants. | **CASE NO. 3:18-CV-00850-HZ**<br><br>**MOTION FOR ATTORNEYS' FEES** |

Plaintiff moves the Court for an award of attorneys of $3,173,034, costs and out of pocket expenses of $535 and expert witness fees of $312,368.08. for a total of $3,485,937.08.

## I. ATTORNEYS' FEES

Initially, the court calculates the "lodestar" by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Subsequently, the court "assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of . . . factors that

Page 1 – MOTION FOR ATTORNEYS' FEES

are not already subsumed in the initial lodestar calculation." *Id.* at 363-64 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

Plaintiff submits the following calculations of the components of her reasonable attorney fees.

| Name | Rate | Hours | Total | Multiplier x 2.0 |
|---|---|---|---|---|
| Matthew C. Ellis | $575 | 1,126.00 | $647,450 | $1,294,900 |
| Stephen L. Brischetto | $685 | 1,370.90 | $939,067 | $1,878,134 |
| | | 2496.90 | $1,586,517 | $3,173,034 |

Ex 1 to Ellis Decl. Ex B to Brischetto Decl. The evidence supporting the hourly rate, the total hours and the enhancement are detailed below.

## II.     REASONABLE HOURLY RATE

To set the hourly rate, the court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); see also, *Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1033 (D. Or. 1996).  "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its' counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).  In the District of Oregon, the Oregon State Bar Economic Survey ("OSB Economic Survey") is the benchmark for assessing the reasonableness of hourly billing rates. LR 54-4.  Courts may also consider "the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). "[D]istrict Courts have the discretion to compensate prevailing parties for any delay in the receipt of fees by awarding fees at current rather

than historic rates in order to adjust for inflation and the loss of use of these funds." *Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir.1992) ("[A]n adjustment for delay in payment is an appropriate factor in determining what constitutes a reasonable attorneys' fee ...whether by application of current rather than historic rates or otherwise ...."

    a. Matthew C. Ellis

Matthew C. Ellis seeks a reasonable hourly rate of $575 per hour. According to the 2022 OSB Survey (which reflects billing rates from 2021), the 95th percentile for lawyers in downtown Portland with 16-20 years of experience is $733 per hour and the 50th percentile is $416 per hour. Thus, the 75th percentile was approximately $575 per hour in 2021; the same rate as Mr. Ellis' requests three years later. Likewise, in the Civil Litigation Plaintiff specialty, the average rate is $419, the 95th percentile is $685, making the 75th percentile $552 per hour in 2021. Adjusted for inflation, this comes to approximately $639, today; well above Mr. Ellis's requested rate. Mr. Ellis's rate is reasonable because of his extensive civil rights and litigation experience. He has presented on Section 1983 employment discrimination several times before the OSB Labor and Employment Section, has been practicing for 17 years primarily doing employment law and other Section 1983 civil rights cases, served on the Civil Rights Section of the Oregon State Bar and was co-chair of the Employment Section of OTLA. He has tried against public entities to trial on many occasions, including three times in the last year. In addition, this is not the first jury trial he has had that focused on the use of social science research regarding stereotyping; a fairly novel and specialized area of the law that few Oregon Practitioners are well versed in. Mr. Ellis has also presented the use of social science research on several occasions. Other than the several cases prosecuted by Mr. Ellis and Mr. Brischetto—we know of only one other example over the last 15 years where one used social framework in discrimination cases, and that effort was not

successful. Hunt Decl. p 3-4; Ellis Decl ¶16-8, 13, 16-17;  Ex B to Brischetto Decl.

      b.   Stephen L. Brischetto

Mr. Brischetto seeks a reasonable hourly rate of $685 per hour.  Brischetto has more than 45 years of experience specializing in civil rights and employment law, more than 50 cases to jury verdict, more than 48 reported cases as lead or co-counsel in his specialty area several impacting the practice of civil rights and employment law, three seven figure jury verdicts and several additional seven figure settlements.  He has published Chapters in OSB's Bar Books series and articles regarding the practice of employment law.  He has sat on numerous Bar committees and chaired OSB's Uniform Civil Jury Instructions Committee, Federal Practice and Procedure Committee and Civil Rights Section Executive Committee.  *Id*.  One senior attorney in the Oregon Department of Justice has recognized that "...he is generally considered to be – one of the best – if not the best – attorney in Oregon for employment plaintiffs."

Mr. Brischetto's requested hourly rate is less than the hourly rates at the 75th percentile charged by attorneys with more than 30 years' experience in downtown Portland in the OSB Survey; slightly more than the hourly rates of attorneys in Plaintiff's Civil Litigation (excluding personal injury) category in the OSB Survey; and, significantly less than the hourly rates of attorneys with more than 30 years' experience specializing in commercial litigation in the Morones Survey.  Dec. Mr. Brischetto's requested hourly rate is consistent with awards in Oregon and the Ninth Circuit in similar cases for attorneys of comparable skills, experience and reputation.  Brischetto Decl ¶2-5, 12-14; Ex B to Brischetto Decl; Hunt Decl p 3-4; Seidl Decl. ¶ 5-6; Ex 2-4 Brischetto Supp Decl.

    **III.**   **HOURS REASONABLE EXPENDED**

The fee claimant bears the burden of proving the number of hours spent on the case

were "reasonably expended" and that counsel made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Here, the hours spent were reasonable given the enormity of the tasks involved. This case involved a lengthy initial period of general discovery; production of thousands of documents over 8 years; extensive redactions to deal with privilege, patient privacy and employee privacy issues; 11 general discovery depositions;  7 lengthy telephonic discovery hearings, formal motions to compel following the repeated, "informal" telephone conferences; both parties' objections to the Magistrate's discovery orders; a lengthy, detailed, complex motion for summary judgment; objections both parties filed to summary judgment, an interlocutory appeal to the Ninth Circuit; a second period of expert discovery; 9 depositions of testifying experts; detailed, complex and lengthy pre-trial exhibits and witness statements;13 motions in limine; both parties' Daubert motions; extensive briefing of disputes regarding jury instructions; and 9 days of trial with the parties calling 32 witnesses.  Plaintiff's damages and the facts relating to liability were far more complex than is typically the case in the "run of the mill" employment cases.  Brischetto Decl ¶13 – 26; Hunt Decl p 5-11; Ellis Decl ¶13.

   Plaintiff's counsel handled the case efficiently minimizing duplication.  Mr. Brischetto and Mr. Ellis have co-counseled employment cases for more than 16 years using their experience working together to split tasks and coordinate activities.  Plaintiff charged for one attorney in depositions even though both lawyers were actively involved in most depositions and has tried not to submit duplicate time records for time arguing motions, such as before the Ninth Circuit. Plaintiff has also not billed for clerical work, paralegal work, or much time for conferences between her two counsel even though that may be appropriate in this case. Ellis Decl ¶14-15; Brischetto Decl ¶29. Hunt Decl p 5-11.

**Page 5 – MOTION FOR ATTORNEYS' FEES**

MATTHEW C. ELLIS, PC
1500 SW 1St Avenue, Suite 1000
Portland, Oregon 97201
Telephone:  (503) 223-5814

There should be no reduction in the fee for time spent on any unsuccessful claims. Both the retaliation and all the discrimination claims "involve a 'common core of facts' or ... related legal theories" not unrelated claims that are 'distinctly different,' based upon 'different facts and legal theories.' *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). This is not a case where "... the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" *Thorne,* 802 F.2d at 1141 (*quoting Mary Beth G v. City of Chicago,* 723 F.2d 1263, 1279 (7th Cir. 1983) (emphasis added). Here, Plaintiff stated in opening statements and closing arguments her claims based upon sex discrimination and retaliation for quality-of-care complaints were 'linked' because Defendant's and OHSU's staff response to a strong woman criticizing OHSU's quality of care was sexist. Indeed, nearly all of the complaints about Plaintiffs communication style related both to a perception that strong woman was to aggressive or strident in her opinions in her attempts to increase quality of care; a common core of facts in both Plaintiff's claims and Defendants' defenses. Testimony at trial that social science research shows that women in male dominated fields experience backlash for criticizing systems in place helped the jury understand that the negative reactions to Plaintiffs attempts to improve quality of care were, in fact, sexist. Thus, in addition to the obvious common core of facts on damages for the discrimination and retaliation claims, there was also a common core of facts at issue on liability to both the discrimination and retaliation claims and certainly on Defendants' defense of those claims.

Where, as here, "plaintiffs prevailed on the merits and achieved excellent results ... plaintiffs' counsel is entitled to an award of fess for all time reasonably expended in pursuit of the ultimate result achieved..." *Hensley v Eckerharrt*, 461 U.S. 431. Time spent on portions of

litigation that were unsuccessful is recoverable because of the results in the case. "The result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); see also, *Goodsell v. Eagle–Air Estates Homeowners Ass'n*, 280 Or. App. 593, 603, 383 P.3d 365, 372 (2016), *review den.*, 360 Or. 752, 388 P.3d 728 (2017) ("it is legal error to deny fees as matter of law to a prevailing party on the basis that the fees sought were incurred during a losing stage of litigation").

## IV. THE LOADSTAR SHOULD BE ADJUSTED UPWARD IN THIS CASE

Under federal law, a "strong presumption" exists that the lodestar figure represents a "reasonable fee," and therefore, it should only be enhanced or reduced in "rare and exceptional cases." *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986); see *Edmo v Corizon, Inc.,* 2024 U.S. App LEXIS 8218 (9th Cir April 5, 2024) (affirming multiplier for exceptional success in prison case regarding gender-confirmation surgery.).

State law does not follow federal law with respect to the appropriateness of multipliers. The use of a multiplier or "enhancement" to compensate for the contingent risk of loss under state law was first recognized in a discrimination case in *Griffin v Tri-County Metro Transp. Dist.*, 112 Or. App. 575, 584- 585, *rev'd on other grounds*, 318 Or. 500 (1994)(affirming a 2.0 multiplier in a discrimination case) and followed in *Tanner v. OHSU*, 161 Or. App. 129, 134, 980 P.2d 186 (1999) (affirming a multiplier of 1.23). Under state law, a court errs if it does not consider a contingent-fee agreement when determining the amount of attorney fees. *Coulter Prop. Mgmt., Inc. v. James*, 160 Or. App. 390, 394, 981 P.2d 395 (1999).

The Oregon Supreme Court has held that a fee multiplier may be justified based on the risk of nonpayment in a contingency fee case (*Moro v State,* 360 Or 467, 492 (2016)), or based "exceptional success" together with factors such as the difficulty and complexity of the case, the

value of interests and the skill and professional standing of the lawyers. *Strunk v Pub. Empls. Ret. Bd.,* 343 Or 226, 246 (2007). The Oregon Court of Appeals has held that evidence there are only a limited number of attorneys willing and able to take on complex, controversial and high-risk employment cases, plaintiffs experience difficulty in obtaining qualified counsel and that counsel who successfully undertake cases for a contingency fee are generally compensated at rates greatly exceeding standard hourly billing rates is evidence sufficient to support a multiplier. *Griffin, supra*, 112 Or App at 585.

The financial reality of this risk of proceeding on a case like this is clear. Plaintiff's counsel spent thousands of hours in the case, over 6 years, with the very real prospect of having no recovery. See *Strawn v. Farmers Ins. Co.,* MCCC Case No. 9908-09080 (J. Labarre), *affirmed*, 233 Or. App. 401, 226 P3d 86 (2010) (awarding a 2.25 multiplier in part because "the evidence established that few lawyers in the state of Oregon have what it takes to consider undertaking a case such as this and those who qualify most have adequate incentives to accept such a large risk"). Federal courts in Oregon have awarded multipliers in much less successful cases than the case at bar. *Beck v. Metro. Prop. & Cas. Ins. Co.*, No. 3:13-cv-00879-AC, 2016 US Dist LEXIS 126335, at *68-69 (D Or Sep. 16, 2016) (J. Acosta awarding multiplier of 2.0); *Vanvalkenburg v. Or. Dep't of Corr.*, No. 3:14-cv-00916-MO, 2017 US Dist LEXIS 88955, at *16 (D Or June 9, 2017) (J. Mosman awarding multiplier of 1.75); *Foraker v USAA Cas Ins. N*o., 2018 U.S. Dist. LEXIS 137786 (August 15, 2018)(J. Simon awarding a fee multiplier of 1.5 based upon contingent nature of litigation, significant delay in payment, significant upfront costs and significant litigation without any guarantee of payment)

A multiplier is justified in this case under either of *Moro's* alternative factual theories: the risk of nonpayment in a contingent fee case plus delay or exceptional success together with other factors; and under *Strawn, Foraker, VanValkenburg, Beck and Griffin.* Here, Plaintiff's attorneys

Page 8 – MOTION FOR ATTORNEYS' FEES

invested 2500 hours of time with the very real risk of no recovery accompanied by a six-year delay in payment. This evidence alone justifies an award of a multiplier under *Strawn* or *Moro*. Further, the results obtained in the case were exceptional. The jury verdict, to counsel's knowledge, is one of the largest awards in a single plaintiff employment case in Oregon. Plaintiff prevailed over one of the most prestigious defense firms in Oregon, highly skilled opposing counsel, and a financially superior public entity Defendant in a case with multiple novel, difficult legal issues and factual disputes. Adding to the risk, Plaintiff needed to present social framework testimony, effectively offer multiple experts and cross-examine multiple defense experts, deal with complex legal issues relating to damages caps and damages, persuade the jury that the volume of complaints and the number of women who registered complaints were not inconsistent with a finding of discrimination and effectively address potential biases that jurors may possess regarding the factual issues in the case. This also justifies a multiplier under both *Griffin* and *Moro.* Brischetto Decl ¶16-28. Ellis Decl. ¶13; Hunt Decl. p 12-13.

## V.    EXPERT WITNESS FEES

ORS 20.107 requires courts to award to the prevailing plaintiff expert witness fees reasonably and necessarily incurred in connection with civil claims of sex discrimination. Likewise, under Title VII and ORS 659A.030, a court has the discretion to "allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k); ORS 659A.885. Here, Plaintiff seeks the following for expert witness fees, all reasonably and necessarily incurred in connection her successful civil claims under Oregon law.

| Name | Rate | Cost |
|---|---|---|
| Dr. Peter Glick | $400 /hr | $49,000 |

| | | |
|---|---|---|
| Dr. Molly Carnes | $500 / hr | $20,020.85 |
| Mr. David Glusman | $700 /hr | $132,592.59 |
| Mr. John Berg | $300 / hr | $9,060 |
| Ms. Lisa Broten | $225 /hr | $41,846.72 |
| Ms. Nora Ostrofe | $375 / hr | $44,457.92 |
| Ms. Scott Hunt | $675 / hr | $15,390 |
| | | $312,368.08 |

All the above fees were reasonably and necessarily incurred in this case and actually paid by Plaintiff or her counsel in furtherance of Plaintiff's discrimination claims. Ex 2 to Ellis Decl.; Ellis Decl. ¶17.

### VI.   OTHER FEES AND COSTS

Under 42 U.S.C. § 1988, recoverable costs include costs listed in 28 U.S.C. § 1920 and 1921 plus reasonable out-of-pocket expenses normally charged to fee-paying clients. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (citing *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

First, if any of the costs are denied under Plaintiffs Motion for Costs, they should be allowed as otherwise recoverable costs associated with Plaintiff's Motion for Attorneys' fees since they are the kind of costs that would normally be charged to a fee-paying client.  Second, there are additional costs that should be awarded in this case that may not fall under Plaintiff's Cost bill but are recoverable for the same reasons, including $440.10 in delivery costs to send copies of pretrial documents to opposing counsel and the Court and $94.90 in other copying and PACER charges. These amounts are not requested as part of Plaintiff's Motion for Costs yet are all the kinds of costs that, in addition to those that fall under Section 1920, that are typically

passed on to the client and, in fact, were passed on to the client in this case. Ex 4 to Ellis Decl; Ellis Decl.¶ 10; Brischetto Decl. ¶ 11.

### VII. CONCLUSION

Plaintiff's motion should be granted.

DATED This 3rd Day of June, 2024

                                          MATTHEW C. ELLIS, PC

                                          /s Matthew C Ellis
                                        **MATTHEW C. ELLIS, OSB No. 075800**
                                        **Matthew C. Ellis, PC**
                                        1500 SW 1st Avenue, Suite 1000
                                        Portland, Oregon 97201
                                        Telephone: 503/345-5407
                                        matthew@employmentlawpdx.com

                                        Of Attorneys for Plaintiff.

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 54-1 because it contains 2,978 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 3rd day of June, 2024.

        /s/ Matthew C. Ellis

Matthew C Ellis, OSB #075800
1500 SW First Avenue, Suite 1000
Portland, Oregon 97201
Attorney for Plaintiffs
Ph: 503-345-5497
matthew@employmentlawpdx.com