**MATTHEW C. ELLIS, OSB No. 075800**
matthew@employmentlawpdx.com
**Matthew C. Ellis, PC**
1500 SW 1st Avenue, Suite 1000
Portland, Oregon 97201
Telephone: 503/345-5407

**STEPHEN L. BRISCHETTO, OSB No. 781564**
slb@brischettolaw.com
1500 SW 1st Avenue, Suite 1000
Portland, Oregon 97201
Telephone:  503 223-5814

Of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DR. RUPA BALA**,<br><br>        Plaintiff,<br><br>    v.<br><br>**OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon public corporation; DR. CHARLES HENRIKSON, an individual; DR. JOAQUIN CIGARROA, an individual.**<br><br>        Defendants. | **CASE NO. 3:18-CV-00850-HZ**<br><br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES** |

### CERTIFICATION OF COMPLIANCE

This brief complies with the word-count limitations under LR 54-1(c) because it contains no more than 3,000 words, including headings, footnotes and quotations, but excluding the caption, signature block, exhibit and certificates of counsel.

**Page 1 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES**

## I.    Plaintiff's Hourly Rates Are Reasonable

On attorney fees motions, the fee applicant bears the burden of producing satisfactory evidence the requested rates are in line with those prevailing in the community.  *Schwarz v Sec'y of Health & Human Services*, 73 F3d 895, 908 (9th Cir 1995).  The respondent bears the burden of submitting evidence rebutting the accuracy and reasonableness of, or the facts supporting, the rates.  See *Gates v Gomez*, 60 F3d 525, 534 (9th Cir 1995).

Defendants argue that, under *Gessele v Jack in the Box, Inc.*, No. 3:14-cv-01092-HZ, 2024 US Dist LEXIS 67942 (D. Or. Apr 14, 2024), the Court should use historical hourly rates, not current rates; and Plaintiff's requested rates should be reduced because they exceed average rates and the 75% rates in the 2022 OSB Survey  Dkt# 320 at 2-3.

ORS 20.107(2) disposes of Defendants' historic hourly rates argument.  Under ORS 20.107(2) "... the court *shall* calculate attorney ... fees on the basis of a reasonable hourly rate *at the time the award is made*...".  (Emphasis added.)    G*essele* was decided under ORS 20.075(2) which does not mandate use of current rates, not ORS 20.107(2) which does.  Further, Plaintiff's evidence of special hardships arising from commitments in this case justifies use of current rates.  *Missouri v Jenkins*, 491 US 274, 283 n. 6 (1989); see Brischetto Reply Decl. ¶ 2; Ellis Reply Decl. ¶ 4.

Second, under *Schwarz,* the evidence is undisputed that the rates are reasonable.  Plaintiff submitted evidence : (1) Of counsels' skills, experiences and reputation and their hourly rates conformance with prevailing rates of comparable attorneys.  Dkt# 309 at 4-5 (rates within ranges charged by attorneys of comparable skill,  experience, and reputation); Dkt#310 (Brischetto entitled to highest prevailing rate for attorneys with his years of experience); See, Dkt# 312-4 at 3; (2) The hourly rates conform with this courts' prior awards to attorneys with comparable or

**STEPHEN L. BRISCHETTO**
1500 SW 1st Ave., Suite 1000
Portland, Oregon 97201
Telephone:  (503) 223-5814

less experience.  Dkt# 312-5-7; and (3) Showing requested rates consistency with the OSB 2022

Survey. Dkt# 311 at 6-7; Dkt# 313 at 8; see also Ellis Reply Decl. ¶ 2-3.

Defendants fail to sustain their burden under *Gates*.  Defendants do not rebut Hunt and

Seidl Declarations; give no opinion on counsels' skill, reputation and experience; or that the rates

are unreasonable. Doc #321 at 1-8.  Finally, Defendants' analysis of the 2022 OSB Survey fails

to adjust the rates to the present (Dkt#321 at 2); and, the unadjusted OSB Survey rates are not

rates "at the time the award is made."   Finally, Defendant miscalculates the 75th percentile.

There is no evidence to support a rate reduction**.**

## II.    Time Incurred Was Reasonable

Defendants' request for reductions in Plaintiff's time fails for lack of supporting

evidence.  On a motion for attorney fees, "[t]he party opposing the fee application has a burden

of rebuttal that *requires submission of evidence* to the district court challenging the accuracy and

reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted

affidavits." *Gates, supra,* 60 F3d at 534.   Emphasis added.  Further, where a plaintiff obtains

excellent results, his attorney should recovery a fully compensatory fee encompassing all hours

reasonably expended on the litigation. *Blum v Stenson*, 465 US 886, 901 (1984) *citing Hensley v*

*Eckerhart*, 461 US 424, 435 (1983).

Plaintiff sustained its burden.    Plaintiff submitted detailed records documenting the

requested time (Dkt# 311-2; 313-1); expert opinion analyzing the claims and tasks, the time

incurred was reasonable (Dkt# 309 at 5-11); and undisputed evidence of the excellence of the

result.  See, Dkt# 309 at 12-13 stating result "outstanding" and "one of the largest if not the

largest" in Oregon; Dkt#284, 286 (each defendant sued liable, awarding past and future wages

apparently through retirement, emotional distress and punitive damages).

**Page 3 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION**
**FOR ATTORNEY FEES**

Under *Gates*, Defendants fail to sustain their burden.  They do not submit their attorneys' time records, a significant omission since 9 highly skilled specialists appeared during the case and 3 sat through trial.  Dkt# 311 at 13. The absence of such evidence means the court relies solely on its observation of the litigation to evaluate the time documented.  See *Chalmers v Los Angeles*, 796 F2d 1205, 1214 (9th Cir 1986).

They submit no expert declarations supporting their objections; and their declaration provides vague, conclusory objections requiring the Court to review hundreds of time entries. Under *Fox v Vice*, 562 US 826, 838 (2011), trial courts "need not, and indeed should not, become green-eye-shade accountants" evaluating time records. Defendants proof is deficient as described below.

A.       **No Reduction For Dismissed Claims**

Defendants seek to reduce 245 entries arguing that dismissed claims had "nothing to do" with the successful claims; and, 30% - 100% reduction is appropriate because "vague entries and block billing" make it impossible to decipher the time spent on dismissed claims.

To reduce an award for unsuccessful claims, the Ninth Circuit requires,"...the claims must be suitable for entirely separate lawsuits…," "[t]hey must be distinct in both fact and law…," and "the court must find that the time deducted did not aid in proving the successful claims...."  *Muniz v UPS,* 739 F3d 213, 214 (9th Cir 2013).  No such findings can be made here.

Plaintiff's expert says plaintiff's claims are interconnected arising from common operative facts.  Dkt# 309 at 12-13.  Under Ninth Circuit law claims arising out of an employment relationship tend to be related.  *Odima v Westin Tucson Hotel,* 53 F3d 1484, 1499 (9th Cir 1995)(finding unsuccessful state tort claims for retaliation, constructive discharge and

wrongful termination related to successful Title VII and § 1981 claims because "all ... claims arose from a common core of facts—his employment relationship ...". The same is true here.

Defendants rely on a 3-sentence statement from defense counsel that does not address whether claims arose from the same core facts, were suitable for separate lawsuits or the time spent on unsuccessful claims aided in proving successful claims. Dkt# 321 at 6. Defendants' say they "can't tell" the time spent on dismissed claims because of "block billing." However, in civil rights claims based on common facts and related legal theories, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Hensley, supra*, 461 US at 435.

### B.      No Limited Success Reduction

Defendants ask for a 30% reduction arguing the requested fees are unreasonable in relation to results obtained. As discussed in Section II above, Plaintiff's success was excellent. Defendants offer no expert declarations or evidence to the contrary. See generally, Dkt# 321 at 1-8.

Defendants' point to the $15.5 million sought from the jury, Plaintiff's rejection of mediation requests, and her $20,000,000 demand before trial as evidence of limited success. *Id* at 8, n. 5. None of these factors show 'limited success.' Plaintiff participated in a settlement conference, the case did not settle (OHSU offered only $200,000) and there was no reason to believe an additional conference would result in settlement. Brischetto Reply Dec. ¶3. Prior to trial, Defendants' made an Offer of Judgment *solely against* OHSU for $1.5 million plus costs and attorney fees determined by the Court. The Offer did not admit liability and offered no judgment against the individuals Brischetto Reply Dec., Ex 1 at 1-2. Plaintiff's $4,248,083

STEPHEN L. BRISCHETTO
1500 SW 1ˢᵗ Ave., Suite 1000
Portland, Oregon 97201
Telephone: (503) 223-5814

Judgment is 2.83 times better than the pre-trial Offer and 20 times better than Defendants'

settlement conference offer.  Further, Plaintiff obtained a finding of liability against all 3

Defendants, not just OHSU, and findings all Defendants terminated her employment because of

her sex, her termination was wrongful and Henrikson acted with actual malice.

Finally, the difference between the amount sought in closing and the verdict does not

determine the excellence of the result.  Rather, the focus is one whether the expenditure of

counsel's time was reasonable in relation to the success achieved.  *Hensley, supra*, 461 US at

436 (1983)(noting award of 2,557 hours may be reasonable "in light of substantial relief

obtained" in a civil rights case).  Here, the $4.3 million judgment and findings of 3 Defendants

wrongful conduct related to Plaintiff's termination more than justifies 2,496.90 hours of work.

### C.      No Duplication Of Effort

Defendants seek a 50% reduction in 75 time entries as duplication of effort.  Dkt# 321,

Ex 4; Dkt# 320 at 5.  While time may be reduced for "unnecessarily duplicative work," the Ninth

Circuit instruct that, "...determining whether work is unnecessarily duplicative is no easy task...";

some duplication is necessary duplication "inherent in the process of litigating over time"; and in

civil rights cases, "... the court should defer to the winning lawyer's professional judgment as to

how much time he was required to spend on the case; after all, he won, and might not have, had

he been more of a slacker." *Moreno v City of Sacramento*, 534 F3d 1106, 1112 (9th Cir 2008).

Here, Defendants  to submit any evidence any duplication was "unnecessary."

Of the 75 time entries, Defendants' comments in Dkt# 320 give cursory explanation why

13 entries are duplicative. *Id*. at 3, 4, 7.  The Court should decline any reduction in the 62

unexplained entries because Defendants fail to submit evidence the work is "unnecessary

duplication" and because, in counsel's professional judgment, efficient division of labor required

STEPHEN L. BRISCHETTO
1500 SW 1st Ave., Suite 1000
Portland, Oregon 97201
Telephone:  (503) 223-5814

the participation of both counsel.  Brischetto Reply Decl. ¶3, 5-7.  Ellis Reply Decl. ¶6.  With

respect to the 13 entries which Defendants explain, Plaintiff's excluded three of those as

duplicative prior to filing the Motion for Attorney Fees and nine other entries are activities

required both attorneys participation for effective representation of the client. *Id* ¶*5-7.*   There is

one entry Counsel overlooked and should be deducted.  Ellis Reply Decl. ¶ 6.  Other than this

entry, Defendants' objection should be overruled, as counsel went to great length to avoid

needless duplication. *Id*. at  ¶ 6(a)-(b).

      **D**.     **No Block Billing Reduction or Reduction for Paralegal Tasks.**

Defendants seek reductions of 30-100% in 76 entries as "block-billed." Dkt# 321-3 at 1-

17.  To sustain his burden "plaintiff's counsel is not required to record in great detail how each

minute of his time was expended. But at least counsel should identify the general subject matter

of his time expenditures." *Hensley, supra* 461 US at 437 n. 12.  The Ninth Circuit has approved,

without reduction, fee applications summarizing time spent on broad categories of tasks. *Fischer*

*v SJB PD Inc.*, 214 F3d 115, 1121 (9th Cir 2000).

Where block billing does not create impermissibly vague time records preventing the

court from assessing the reasonableness of the time, there is no basis for a reduction. *Wynn v*

*Walmart Inc.*, 2023 US Dist LEXIS l49549 Sl. Op. at 3 (February 9, 2023).  Further, "closely

related but discretely identified block-billed tasks" are aggregated into a single task for purposes

of determining whether block billing has occurred. *Ayala v. Cook Family Builders LLC*, No.

3:17-CV-266-PK, 2018 US Dist LEXIS 58610, at *11 (D Or Mar. 6, 2018)

The Court should make no reduction based on block-billing.  First, Plaintiff's time

records far exceed the minimum under *Hensley*; Plaintiff submits undisputed evidence the total

time was reasonable; the Court will likely find the time reasonable in light of the extent of

**STEPHEN L. BRISCHETTO**
1500 SW 1st Ave., Suite 1000
Portland, Oregon 97201
Telephone:  (503) 223-5814

litigation, the appeal, the pre-trial documents and the length of trial; and, the excellent results all show there is no need to allocate time to successful and unsuccessful claims.

Further, Defendants specific objections should be overruled either because they object to: time entries that are closely related but discretely identified tasks, time entries that do not meet the definition of block-billing, and entries where the claimed block-billing does not impair the Court's ability to assess the reasonableness of the time, and entries where there is no need to allocate time between tasks. Brischetto Decl. ¶8-12; Ellis Decl. ¶ 7. Likewise, there should be no reduction for administrative or paralegal work.  Brischetto Decl. ¶14-17; Ellis Decl. ¶ 8.

## III.    THE COURT SHOULD AWARD A MULTIPLIER

Under federal law, a multiplier is appropriate in cases of exceptional success. *Edmo v Corizon, Inc.,* 2024 U.S. App LEXIS 8218 (9th Cir. April 5, 2024).  Under state law, a  multiplier is justified for the risk of nonpayment in a contingency case; and the exceptional success of the litigation.  Factors such as the difficulty and complexity of the issues, the value of the interests, as well as skill and professional standing of lawyers involved may support an enhancement. *Moro v State,* 360 Or 467, 492 (2016).

Here, as pointed in Section II and IIA above, the evidence of an exceptional result is undisputed which alone justifies a multiplier under federal law.  Under the broader state standard, a contingent fee agreement together with the risk of nonpayment justifies a multiplier. Here, Plaintiff has a contingent fee agreement and undisputed evidence of supporting factors: the risk of no fee at all, the difficulty and complexity of the issues, the value of the interests involved and the professional standing of the lawyers.

Defendants dispute the need for a multiplier.  However, the Court should consider what rate Stoel Rives would seek to defend a case for six years, incurring 2500 of hours of time and where

they would only being paid if they prevailed?  The billable rate for such work would be much higher than the rates sought by Plaintiff, even with a multiplier.

Defendants dispute the novelty, difficulty complexity of the case; and ignore the risk of no recovery and the value of interests.  Defendants offer no declarations disputing Plaintiff's experts and point to no successful verdicts in Oregon based upon social framework testimony in the 35 years since *Price Waterhouse* was decided.  Plaintiff's counsel overcame a mitigation of damages defense focused on Plaintiff's lost post-termination employment that could have eliminated any damages award in the case.  There is also the value of interests involved namely, the public importance of correcting sex discrimination in a major Oregon public entity.

Defendants ignore undisputed expert testimony regarding the skill and professional standing of the lawyers.  This case required extraordinary creativity and skill to obtain one of the largest discrimination verdicts in the State, in a case with a high risk of no recovery,  and no lack of witnesses who testified against Plaintiff.  A multiplier should be awarded.

## IV.    EXPERT WITNESS FEES SHOULD NOT BE REDUCED

Defendants seeks expert witness fees reduced from $312,368.08 to $225,076.94.  Defts Resp at 10-12.   Under ORS 20.107, expert witness fees "reasonably and necessarily incurred" in connection with a prevailing discrimination claim are mandatory; and the court "shall calculate ... expert witness fees on the basis of a reasonable hourly rate at the time the award is made, multiplied by the amount of time actually and reasonably spent in connection with the discrimination claim."  Defendants provide no evidence on the reasonableness of the experts' time or rates.  Under *Gates*, Defendants fail to rebut Plaintiff's evidence regarding the reasonableness and necessity of the experts' fees.

STEPHEN L. BRISCHETTO
1500 SW 1st Ave., Suite 1000
Portland, Oregon 97201
Telephone:  (503) 223-5814

**Peter Glick:**  Defendants want Glick's fees reduced because he was not allowed to testify to all opinions in his report.  Here, there is evidence social framework testimony was required to prove plaintiff's case and likely affected the result.  Dkt# 313 at 9. When Dr. Glick prepared his report, the case law gave clear support to the admissibility of his opinion applying social science to the facts of the case.  Brischetto Reply Decl. Ex 18; *Tulli v Women's & Brigham Hospital*, 591 F Supp2d 208 (D. Mass 2009) and *Merrill v MITCH Charter Tigard*, 2011 US Dist LEXIS 36497 (D. Or. April 4, 2011). There is no basis for finding Glick's opinion applying social science to the facts unreasonable or unnecessary.

**Molly Carnes:**  Defendants want Carnes fees reduced from $20,020 to $1,875 arguing her report was not considered at summary judgment and her opinion was excluded at trial.  Plaintiff's retention of Carnes was reasonable and necessarily incurred.  Dr. Carnes, a nationally recognized physician-scientist, brought knowledge and qualifications to the case Glick did not have; namely, as an administrator in a university affiliated hospital who conducted medical research regarding gender and cultural bias in hospital settings.  Her qualifications were necessary to deal with defense witnesses who claim they did not know of stereotyping or did not believe the complaints against Bala were stereotypical. Brischetto Reply Decl.  ¶ 19.  Finally, Carnes had not previously testified at trial as an expert. There was no reason to expect she would not be allowed to testify.  Id. ¶ 20.  There should be no reduction in the compensation claimed for Carnes assistance.

**David Glusman;**  Glusman was hired to rebut Defendants' expert, Henske. If Defendants wished to challenge Glusman's charges, Defendants should have offered evidence of the cost of Henske's services and a Henske declaration disputing Glusman's charges.  Henske charged $680 per hour (comparable to Glusman's $700 rate) and, used a team of employees to prepare his reports, just as did Glusman.  Brischetto Decl, Ex D.  Glusman's reports caused

**Page 10 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES**

Henske to change his opinion on damages by approximately $1.4 million. Brischetto Decl ¶ 23; Ex B, C & F.  Finally, the jury awarded $2.28 million in lost future wages, in addition to awarding $1.12 million in lost wages, compensating Dr. Bala for many years of wage loss into the future.  Henske testified at trial that she would not have suffered any future wage loss.  Thus. Glusman's work was highly effective, worth the cost and there should be no reduction in his fees.

**Scott Hunt:**  Defendants object to Hunt's fees arguing his Declaration is unhelpful and object to his time and rate.  These objections should be overruled.  Expert declarations are persuasive evidence supporting attorney fee awards.  *Chalmers v City of Los Angeles*, 796 F2d 1205, 1214 (9th Cir 1986); *Gates v Deukmejian*, 987 F2d 1293, 1405 (9th Cir 1992). ORS 20.107. With respect to Hunt's time or rate, Defendants' objection fails for lack of rebuttal evidence.

## V.	Supplemental Request for Attorney Fees

Plaintiff requests $16,474.25 for 24.05 hours spent by Brischetto and $10,810 for 18.8 hours spent by Ellis subsequent to the Motion for Attorney Fees/Costs.

DATED this 17th day of July, 2024.

By____/s Stephen L. Brischetto_____
Stephen L. Brischetto, WSBA No. 32472
1500 SW 1st Avenue., Suite 1000
Portland, Oregon 97201
Attorney for Plaintiffs
Ph:503-223-5814
slb@brischettolaw.com

**STEPHEN L. BRISCHETTO**
1500 SW 1st Ave., Suite 1000
Portland, Oregon 97201
Telephone:  (503) 223-5814